FIELDING BURNES, et al., v. S. N. SIMPSON.

1. ACTION ON JUDGMENT; *Pleading; Service.* An action can be maintained on a domestic judgment in this state. And in an action founded on such judgment it is not necessary to aver personal service.

2. ———— *Filing Copy.* When the action is founded on a judgment, a copy of the judgment sued on should be filed with the petition, but the neglect so to do should be taken advantage of by motion, and cannot be reached by demurrer.

3. CONTRACT—JUDGMENT; *Construction of Code.* Strictly speaking, a judgment is a contract, and of that class of contracts called specialties; but the word "contract" is not ordinarily used in a sense that includes judgments; nor is it generally so used by law writers; nor is it so used in section 20 of the code of civil procedure of 1859.

4. ———— The sixth sub-division of section 18 of the code of 1868 will not be given a construction that will absolutely cut off all rights of action when the same had not been barred by previous statutes.

*Error from Douglas District Court.*

FIELDING BURNES and *Lewis Burnes,* as plaintiffs, recovered a judgment against *S. N. Simpson* and *Edwin Buck, jr.,*

as defendants, "In the First District Court of Kansas Territory sitting in Leavenworth county for the trial of causes arising under the laws of said Territory." Said judgment was rendered on the 4th of June 1859, and for the sum of $3,054 and costs. On the 2d of June 1869 said *Burnes & Burnes* commenced an action in the district court of Douglas county, against *Simpson* and *Buck*, counting on their said judgment. The petition alleged that "said judgment still remains in said Leavenworth district court unreversed, and unsatisfied;" and that "on the 28th of September 1859, the 28th of November 1859, the 27th of January 1860, the 15th of August 1864, and the 2d of May 1869, respectively, executions were duly issued out of said court on said judgment, and were duly returned unsatisfied." No copy or transcript of the judgment was filed with the petition. *Buck* was not served and did not appear. *Simpson* demurred, for that the said petition did not state facts sufficient to constitute a cause of action. The case was tried on this demurrer at the November Term 1870. The particular points argued in support of the demurrer were, that no action could be maintained upon a domestic judgment, and that said judgment was barred by the statute of limitations. The court sustained the demurrer, and gave judgment in favor of *Simpson*, and against the plaintiffs for costs. The plaintiffs excepted and now bring the question before this court for review.

*Wilson Shannon*, and *John Hutchings*, for plaintiffs in error:

1. An action of debt may be maintained upon a judgment in full force, and upon which an execution may issue. 23 Iowa, 81; 6 Ohio, 521; 22 Cal., 173; 11 Johns., 513; 3 Black. Com., 160. It is conceded that such action lies at common law; then in the absence of any statute divesting the right, it remains under the code. There must be an express provision to take it away. It cannot be contrary to the policy of the law of this state to allow actions on judgments, even if the object of such actions is to coerce payment by accumula-

tion of costs, unless the policy of the state is to discourage the payment of debts.

2. The statute of limitations in force when the judgment sued on was obtained, (Comp. Laws 1862, §§ 19 and 20 of code of 1859,) provides, that—

"Civil actions, other than for the recovery of real property, can only be brought within the following periods: . * * * Within three years: An action upon a specialty, or any agreement, contract, or promise in writing."

It is claimed by defendant that these provisions justified the decision of the court below in sustaining the demurrer; but they are not applicable to this case. A judgment is not an agreement, contract, or promise in writing; nor is it a specialty within the meaning of this statute, or the legal sense of that term. 5 McLean, 172; 15 Ohio St., 364; 9 B. Mon., 486; 8 Humph., 395; 2 Carter, (Ind.,) 224.

The code of 1868 is not applicable to this case: 1 Dillon's Ct. Ct. R., 360. It is intended to be prospective as to all causes of action except those upon which the former statute had only partially run: See Gen. Stat., p. 1128, § 7.

Statutes affecting rights and liabilities should not be so construed as to act upon those already existing, unless such intention is expressly declared: 2 Hill, 238; 21 Conn., 351; 18 Me., 109.

An action of debt on a judgment is not an action for *relief* under the 6th subdivision of § 18, code of 1868. Besides, more than five years had elapsed from the rendering of this judgment to the passage, and taking effect of that act, so that if retroactive it would have cut off entirely *all* right of action. Such a law would be unconstitutional and void. 2 Kas., 156, and cases there cited.

3. The district court of Leavenworth county in which the judgment was obtained was a court of general jurisdiction; it was not necessary therefore to state in the petition the facts *conferring* jurisdiction. 12 Cal., 181; 17 Cal., 518; 13 How. Pr., 538; 16 How., 65. The jurisdiction of such courts is presumed. 1 Code R., (N. S.,) 143; 1 Wend., 126.

4. It was not necessary to attach a transcript of the record to the petition under the code. Such transcript is a mere matter of evidence, and would be stricken out on motion if it were so attached. Seney's Code, 156, note *f*. A judgment is not a written instrument within the meaning of § 118 of the code.

*W. W. Nevison,* and *Nelson Cobb,* for defendant in error:

1. An action does not lie in this state upon a judgment of a court of this state merely to recover the same sum of money recovered in the first judgment. There is no pretense of any statutory authority for such action. The common law in force in the state does not authorize it. The common law of England clearly sustains such action. Is it modified by constitutional or statutory law? We think it is. The legislature, in enacting the code, undertook to and did embody in it a complete system of practice, but nowhere allude to a judgment as a cause of action. Section 419 of the code provides for the filing of a transcript of judgment in any county, and making it a lien upon the property of the judgment-debtor in that county; and by § 441, execution may be issued to any county. Judgments may be kept in life by issuing execution once in five years, and by the provisions of § 440 may be revived when dormant. These provisions give to the creditor every means to collect his first judgment that he would have to collect a judgment rendered upon it, and leave no just end to be obtained by the second action. As long ago as Blackstone wrote, courts of justice discountenanced actions on judgments, as being generally vexatious and oppressive by harassing the defendant with the costs of two actions instead of one; 3 Blackstone's Com., 159; and it can hardly be claimed that a rule too oppressive to the debtor in that age is suited to the condition and wants of our people.

2. The petition does not state facts sufficient to constitute a cause of action, because it does not show that the court had jurisdiction of the person of the defendant. No allegation is made of any kind of service, or any appearance of the

defendant in the original action.    This was clearly necessary.

3. The petition has no copy of the judgment attached pursuant to § 118 of the code, nor does it state the cause of action upon which it was recovered.    The cases are numerous in sister states, to the effect that under such a provision such copy must be annexed, or the petition is demurrable: 14 Ind., 222; 22 Ind., 116; 37 Mo., 107; 38 Mo.; 11 Iowa, 480.

4. If any cause of action ever existed upon the judgment sued upon, it was barred by the statute of limitation in force at the time the judgment was recovered.    Comp. Laws of 1862, 127, §§ 20, 21.    That act in terms bars all actions upon contract, express or implied, in three years after cause of action accrues.    A judgment is a contract, and is so classified by all elementary writers and numerous judicial decisions. 3 Bl. Com., 158; 1 Pars. Contr., 7, § 3.    A judgment is a specialty: 14 Johns., 479; 3 Wend., 267; Ang. on Lim., 79, ch. 10, § 79.

5. The code, as amended in 1868, barred the action whether the judgment be a contract or a specialty, or whatever it may be.    If neither a contract nor a specialty, the cause of action must come within the purview of the 6th paragraph of § 18 of that code, which limits the right of action to five years from its accruing.

Again, the limitation law of 1868, if applied to this case as a bar, would not affect the obligation of the judgment, but merely the remedy upon it.    It would merely take away a remedy needless to the creditor, oppressive to the debtor, and inconsistent with the policy of the state, and leave another more speedy, less expensive, and at least equally effective.

The opinion of the court was delivered by

KINGMAN, C. J.: This action was brought in the district court of Douglas county on a judgment rendered by the district court of Leavenworth county.    The court below sustained a demurrer to the petition.    Several questions are presented.

I. Does such an action lie?    It is conceded that such an action lies at common law.    There is nothing in the code that

divests that right. In this case we have nothing to do with the question of costs. It may be, by analogy, drawn from some of the provisions of the code, that the creditor pursuing such a course is not entitled to costs; but aside from that question none of the sections of the code referred to were intended to divest the creditor of the right to such an action. The proceeding seems harassing and vexatious, and to serve no purpose that could not be reached by a more simple and less costly method. But these are reasons why the law should be changed, and not that it should be disregarded. When the legislature makes the change this court will cheerfully enforce the law. This question has been settled under codes similar to our own. *Simpson v. Cochran,* 23 Iowa, 81; *Ames v. Hay,* 12 Cal., 11.

II. It is insisted that it was necessary to aver personal service to show that the court had jurisdiction. The court that rendered the judgment was one of general jurisdiction, and in pleading the judgment of such a court it is not necessary to show the facts by which the court obtained jurisdiction. The usual and sufficient allegation is, that by the consideration of that court the plaintiff recovered the sum mentioned therein. *Biddle v. Williams,* 1 Pet., 686. Under our code, where the court that rendered the judgment is one of only limited and special jurisdiction, it is sufficient to aver that the judgment was duly rendered; § 121. The petition was not defective on this ground.

III. There was no copy of the judgment sued on attached to the petition. We think this was such an instrument as the code requires to be filed with the pleadings; but the defect was one to be corrected on motion, not by demurrer. In states like Indiana, where the code makes the instrument or account on which the pleading is founded a part of the record, the not filing it may well be taken advantage of by demurrer; but in a code like ours such a practice is not logical, and ought not to be enforced.

IV. Was the action barred by the statute of limitations? The judgment was rendered on the 4th of June 1859. This

action on said judgment was commenced on the 2d of June 1869, the intervening period being two days less than ten years. If the action was barred it must have been either by § 20 of the code of 1859, Comp. Laws, 127, or by § 18 of the code of 1868, Gen. Stat., 633. The former of these was in force when the judgment was rendered, and so remained until its provisions were superseded by the Gen. Stat. in 1868. This section of the Comp. Laws bars actions not brought within three years "upon a specialty, or any agreement, contract or promise in writing." The terms used have a signification broad enough to cover a judgment. They have also another meaning, and one in which they are more commonly used, which would not include a judgment. In what sense did the legislature use them? This inquiry presents the only point on which the court has to pass, and we find no great difficulty in determining it. The word "contract" is sometimes used in a sense that would make it embrace a judgment; thus, Blackstone says, "The last general species of contracts which I have to mention is that of debt." The learned author then classified debts as debts of record, debts by special, and debts by simple contract, and classes a judgment as a "debt of record," which he calls "a contract of the highest nature, being established by the sentence of a court of judicature." 2 Bl. Com., 464, 465. Other writers treat the subject in the same way. Chitty on Cont., 2; Story on Cont., 2; Parsons on Cont., 7. In this sense a judgment is a contract, and is a contract by specialty. But the word is commonly used to express the agreement between two or more parties, for the doing or not doing of some particular thing; and we think the legislature used the word in this more restricted but more common signification. We do not rest this conclusion entirely upon the fact that such is the more common use of the word. The same legislature that passed this statute, on the day before this law was passed made another enactment amendatory thereto upon the subject of limitations of actions in certain cases, and in that used the word contract, and added to it judgments, thus showing

that they used the word contract in its ordinary sense. It was not, in the legislative mind, comprehensive enough to embrace a judgment; therefore, a judgment was specially mentioned: Comp. Laws, 232, § 2. Again, the same statute that contains the limitation makes judgments a lien on lands, and continues this lien for five years, and as long thereafter as the judgment should be kept alive by the issue of executions, in proper times. To hold that judgments are embraced by the language of the section quoted, would place the law in the absurd condition of proving that a judgment that is a lien upon the lands and tenements of the debtor, and can be enforced by execution, is barred by the statute of limitations. The law ought to be plain and unmistakable to justify a construction leading to such a conclusion. We think it clear that the legislature used the word "contract" in its ordinary sense, and not as embracing judgments. Neither is the judgment covered by the word "specialty." That word is used to describe one class of contracts, and in that class judgments are included. But the ordinary sense of the term is, that it means contracts under seal; and in that sense it does not include judgments. The observations made as to the word contract apply to this term with equal force. We are not left however to our own judgment as to the meaning of this section of the law. The exact point was decided in *Tyler's Ex'r v. Winslow*, 15 Ohio St., 365. See also *Todd v. Crum*, 5 McLean, 172, and *Dudley v. Lindsay*, 9 B. Monroe, 486. The action not being barred by this statute it remains to be seen whether it is affected by the provisions of the Gen. Stat. Sec. 18 of the present code prescribes the limitation for all actions other than for the recovery of real estate, and after providing different limitations for various classes of cases, none of which by the terms used include judgments, in the sixth subdivision provides a general limitation of five years for *all actions for relief* not thereinbefore provided for. In this category is the case before us. The language of the section is plain, and its provisions are sweeping. If a right of action exists on a judgment, and there is no other limitation provided for actions

upon judgments, then this section furnishes such limitation. The code of 1859 contained a similar clause, except that the limitation was ten years. The ten years had not expired by two days when the action was commenced. The whole of the five years prescribed by the law of 1868 had run before the enactment of the law. Sec. 7 of chap. 119 of the Gen. Stat. does not apply to this case, if the limitation of 1868 is to be applied, but may be referred to to show that it was the intent of the legislature to give to the limitation laws a retrospective effect. For the plaintiff in error it is argued that to give the law of 1868 a construction that would apply it to this case, would make the law cut off the remedy altogether, and that such legislation is null and void. It is difficult to see how the statute would be void in this case, even if it cut off the right of action absolutely and altogether. It would not impair the remedy, for it would not destroy the power of the creditor to coerce the payment of his money by execution, or to preserve his liens by the more simple and less costly, but not less efficacious, methods pointed out by the code. If the legislature should take away the right of action on domestic judgments, the act would not be in violation of the federal constitution. It would take away no substantial right, unless the right to vex and harass a debtor may be so called. But this section must receive a construction that will apply with uniformity to other causes of action, as well as to those founded on judgment. A statute of limitations, that at once destroys the right of action, would undoubtedly be held to impair the obligation of the contract. But it seems well settled that the legislature may apply limitations as well to causes of action already existing as to those to be afterwards created, and that the law may lessen the time in which an action may be brought, so that a reasonable time be allowed for the commencement of the action. That it was the intention to apply the limitations in the code to the causes of action already existing, cannot be questioned, when § 7 of ch. 119 is examined. It is upon the same subject,

and passed by the same legislature, and must be construed with and as a part of the statutes of limitation, and clearly shows that it was not the intention of the legislature in the repeal of the old law and the substitution of a new period of limitation, to introduce a new period from which the statute was to begin to run. Had the judgment on which this action is brought been rendered on the 1st day of June 1864, the statute would have commenced to run on that day, and the action begun on the 2d day of June 1869 would have been barred. Probably no lawyer would be intrepid enough to question that conclusion. It would be an awkward and unseemly application of the law, to hold that an action on a judgment rendered on the first day of June 1864, was barred, while one commenced at the same time on a judgment rendered on the 4th day of June 1859 was not barred. Yet if the law is clear, there is no doubt of the duty of the court. It has been held that statutes that fix a limitation that has already run, and yet give a reasonable time in which the action may be commenced before the statute operates, is not unconstitutional. *Smith v. Morrison*, 22 Pick., 432; *Holcomb v. Tracy*, 2 Minn., 241; *Wilcox v. Williams*, 5 Nevada, 206. The defendant in error argues from this doctrine, that the law of 1868 did not destroy the right of action at once. It was passed on the 25th of February, and did not go into effect until its publication on the 31st of October thereafter. But it did not go into force because it was not published, and not because the legislature had fixed that time when it should go into force. Had the statutes been published in a week, then the law would have been in force one week after its passage. This would not have been a reasonable time for bringing suit. The time given depended upon the public printer, and not on any action of the law-making power. Is this giving such a reasonable time as to relieve the statute from the objection that it cut off the remedy entirely? We cannot think so; and we are unwilling to give the statute a construction that would destroy at once a right of action, or make that right dependent on the diligence of the public

printer. While in this case such a construction would not be · objectionable, still it would settle the application of the statute to other cases, and make it a complete bar to many claims without giving any time in which the creditor might assert his rights. We cannot give the statute such a construction, but are constrained to hold that the action was not barred, and therefore the court erred in sustaining the demurrer. The judgment is reversed, and case remanded for further proceedings.

All the Justices concurring.