THOMAS R. BAKER v. JOHN P. HUMMER, *et al.*

DOMESTIC JUDGMENT, *Dormant; Action.* An action can be maintained on a dormant domestic judgment in this state, if commenced within one year after the judgment is dormant.

### *Error from Atchison District Court.*

THE opinion states the nature of the action, and the facts. At the June Term, 1883, the court rendered judgment for costs against plaintiff *Baker*, who brings it here for review.

*Martin & Orr*, for plaintiff in error:

1. When this action was begun the judgment could have been revived by motion and notice without the consent of defendants, as the proceedings were commenced within one year after the judgment became dormant. (*Angell v. Martin*, 24 Kas. 334.). The five years from the issuing of execution expired April 22, 1882, and this proceeding was commenced October 24, 1882. Defendants came into court by acknowledgment of service of summons, March 16, 1883, more than a month before the expiration of the year; so that proceedings were begun and defendants brought into court within the time allowed by the statute.

2. A suit can be maintained in this state on a judgment before the time has expired in which execution can be issued. (*Burnes v. Simpson*, 9 Kas. 658.) The current of authorities in this country and in England is the same way.

3. The common law, as it existed in England at the time of James I, is the common law of this state and in full force unless changed by statute. (Gen. Stat. 1868, ch. 119, art. 9, §3; *K. P. Rly. Co. v. Nichols*, 9 Kas. 252.)

4. At common law when a judgment was recovered, the judgment creditor might have his action of debt thereon, either before or after the expiration of the time in which execution could issue. (7 Vin. Abr., p. 353, *Debt*, O; Bac. Abr., title, *Execution*, H; Com. Dig., *Debt*, A 2; 2 Inst. 170;

2 Tidd's Pr. 1102, 3; 1 Esp. N. P. 196; Year Book, Edw. III, 2-b. See also *Lee v. Giles*, 1 Bailey, 449; same case, 1 Am. Dec. 476.)

5. Article 19 of the civil code creates no new liability, and gives no new right, but simply gives a new mode of asserting an already-existing and well-defined common-law right, and hence it is not exclusive, but simply additional to the remedy of the common law. In other words, without article 19, the judgment creditor could sue on his dormant judgment and recover another judgment thereon. With article 19 he can either sue on it, or have the original revived by motion and notice, as provided in said article. (*Kothman v. Skaggs*, 29 Kas. 5. See also 23 id. 629.)

6. An action will lie on a judgment after it has become dormant. (16 Cal. 373; 7 Ga. 393; 8 id. 351; 29 Kas. 5.)

7. The fact that the judgment has become dormant does not extinguish it, nor affect it in any way, except as to its lien and the mode of enforcement. It does not destroy it as an evidence of debt. (21 Ga. 507; 22 id. 52; 39 id. 386, 405.)

*Hudson & Tufts,* for defendants in error:

The action cannot be maintained, without giving to the defendants the notice required by § 428 of the civil code, in connection with § 534, which prescribes the kind of notice, and what it shall contain. Only an ordinary summons was issued in this case. No other notice is claimed, except that the acknowledgment was an appearance. The case of *Gruble v. Wood*, 27 Kas. 535, is decisive as to what notice must be served.

When five years have intervened between the date of judgment and the issuance of execution, or between the date of the last execution and the suing out of an *alias* execution, an action cannot be maintained upon the judgment until the same is revived as provided by statute; at least not until the notice required by statute is given. (*The State v. McArthur*, 5 Kas. 283.)

If the common law upon this subject ever was in force in

this state, it is now abrogated by statute, the legislature having acted upon the same subject-matter. (Civil Code, § 445, and article 19 thereof; *The State v. McArthur,* supra; *Lytle & Avery v. Cincinnati Mfg. Co.,* 4 Ohio, 466.)

The case of *Kothman v. Skaggs,* 29 Kas. 5, is not applicable to this case. It contains nothing in opposition to the position we maintain, but by analogy supports it.

The plaintiff in error had ample time to give the proper notice, and it is his own fault that he did not give it. (*Angell v. Martin,* 24 Kas. 336.)

The cases cited from California and Georgia are not applicable, as those states have not by statute abrogated the common law, which they hold to be still in force there.

We controvert the position of the plaintiff in error that at common law an action of debt would lie before a year and a day had passed, notwithstanding several respectable authorities in this country to the effect that it would. (3 Blackf. 160; 21 Am. Dec. 476, and cases there cited.)

The opinion of the court was delivered by

HORTON, C. J.: March 25, 1876, the plaintiff, Thomas R. Baker, recovered in the district court of Atchison county a judgment against the defendants, John P. Hummer and Matilda W. Hummer, for the sum of $956, and costs. April 23, 1876, an execution was issued on the judgment, and $435.50 collected thereon. In the fall of 1876, the defendants removed from the state of Kansas to the state of Illinois, and have been continuously absent from this state ever since. October 24, 1882, this action was commenced on the judgment rendered March 25, 1876, to recover another judgment for the remainder remaining unpaid. March 16, 1883, the defendants acknowledged service of summons. August 7, 1883, a trial was had, and the court rendered judgment against the plaintiff for costs.

The single question is, Can this action be maintained? The court decided not. This is the ruling complained of. At the time this action was commenced, the judgment of March

25, 1876, could have been revived by motion and notice without the consent of the defendants, within the authority of *Angell v. Martin,* 24 Kas. 334.

The contention on the part of the defendants is, that no action will lie for the purpose of reviving a dormant judgment and having a second judgment rendered thereon, as the statute specifically provides that it shall be done by motion and notice. Sections 428 and 534 of the code are referred to, and the case of *Gruble v. Wood,* 27 Kas. 535, is cited as decisive as to what notice must be served. It was held in *Burnes v. Simpson,* 9 Kas. 658, that an action can be maintained on a domestic judgment in this state. The provision in the statute giving the right to revive a dormant judgment by motion and notice made within one year after it becomes dormant, is only cumulative or additional to the remedy of the common law. A judgment creditor can either sue on a dormant judgment within a year after it becomes dormant, or have the original judgment revived by motion and notice as prescribed by the code. (*Burnes v. Simpson,* supra; *Kothman v. Skaggs,* 29 Kas. 5. See also cases cited in briefs.)

The decision of *Gruble v. Wood,* supra, is not in conflict with this conclusion. In that case no action was brought upon the dormant judgment. The judgment creditor attempted, however, to revive the judgment under the provisions of the code, and instead of giving the statutory notice, he issued a summons. We held in that case that the order of revivor was wholly void, as the summons in no way complied with the statute. If an action had been brought for the purpose of reviving the dormant judgment in that case and a summons had issued, the judgment creditor might have recovered a valid judgment.

The judgment of the district court must be reversed, and the case remanded.

All the Justices concurring.