BEALL *et al. v.* CITY OF LEAVENWORTH.

*(Circuit Court, D. Kansas.* February 29, 1888.)

JUDGMENT—ACTIONS ON—DEATH OF OWNER—LIMITATIONS.

In Kansas a judgment does not become dormant at the death of the owner, and an action brought thereon by his executor, more than one year after his death, but within one year after it became dormant, is not barred by Code Civil Proc. § 440, which provides that a judgment can only be revived, or made the basis of an action, within one year after it becomes dormant.

At Law. Action on judgment.

*Rossington, Smith & Dallas,* for plaintiffs.

*Wm. C. Hook,* for defendant.

FOSTER, J. This is an action brought by John A. Beall and Charles W. Sloane, executors of Henry W. Benham's estate, on two judgments recovered by their testator in this court against the city of Leavenworth. The first judgment was recovered on the 1st day of December, 1877, for $586.20 and costs, which judgment was revived on the 29th day of November, 1882. The second judgment was recovered on the 30th day of November, 1880, for $3,159.11 and costs. Benham died about the 9th day of June, 1884, and shortly thereafter letters testamentary were issued to his executors, and they brought this suit on the 18th day of December, 1885. Defendant sets up as answer to plaintiffs' claim that it is barred by the limitation of the statute for reviving or instituting suit on a judgment.

At the time of Benham's death, neither judgment had become dormant, under section 445 of the Civil Code of Kansas, but it seems the latter judgment had become dormant 20 days before this suit was brought, unless proceedings in *mandamus* had the effect to save it, as would the issuing of an execution. However that is not material. If the testator were alive, and had instituted this suit, there could be no question but he could maintain it. *Burnes* v. *Simpson,* 9 Kan. 658; *Kothman* v. *Skaggs,* 29 Kan. 6; *Baker* v. *Hummer,* 31 Kan. 325, 2 Pac. Rep. 808. In the cases above cited, the supreme court has repeatedly held that a judgment creditor may, if he choose, make his judgment the basis of an action, (within the time limited for a reviver of the same,) instead of reviving by motion and notice under the Code. It appears from the terms of the statute, as well as decided cases, that this can only be done within a year, without the consent of the opposite party. *Scroggs* v. *Tutt,* 23 Kan. 181; *Angell* v. *Martin,* 24 Kan. 334. Now, let us see what may be done in case of the death of a party to a judgment. Section 439, Civil Code, reads as follows:

"If either or both parties die after the judgment and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same in the same manner as prescribed for reviving actions before judgment, and such judgment may be rendered and execution awarded, as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

The judgment does not become dormant, within the meaning of section 445, by the death of the judgment creditor. It does not cease to be a lien on the estate of the judgment debtor. It is not necessary to revive it as a dormant judgment under section 440. It comes to the hands of the executor or administrator as an asset of the estate; and the statute provides that he may be made a *party to the same.* It comes to his hands clothed with higher attributes than a mere chose in action, like a note or account. He is given a year in which he may apply to the court rendering the judgment and be substituted or made a party plaintiff, in the place and stead of his testator or intestate. That being done, he may issue execution; or, if it becomes dormant, he may revive it. But if he fails within the year to be made a party to the judgment record, he has lost his right in that behalf, and the judgment can only be made the basis of an action under the common law, and that within the time prescribed by the statute,—the same time within which the judgment creditor could have brought the action. In *Burnes* v. *Simpson,* 9 Kan. 658, it is forcibly implied, to say the least, that the sixth subdivision of section 18 of the Code would fix the period of limitation, which would have been five years from the time the right of action accrued, *i. e.,* from the date of the judgment; but in the later decisions of the supreme court of Kansas, it has been decided that the statute referred to does not fix the time within which the judgment creditor may bring his action. He may bring his suit at any time within the year after the judgment becomes dormant by a failure to issue execution. That might be within six years or sixty years from the rendition of the judgment. The date of the judgment is immaterial, but the date of its becoming dormant is all-important. *Kothman* v. *Skaggs,* 29 Kan. 6; *Baker* v. *Hummer,* 31 Kan. 325, 2 Pac. Rep. 808.

It cannot be necessary to cite authority to the point that the representative of a deceased person has the same period in which to bring suit that his testator or intestate would have had. It therefore necessarily follows that, as the first judgment had not become dormant, and the second judgment had been dormant but a few days, this suit is not barred, and judgment must go for plaintiffs.