FRANK MAWHINNEY *et al.* v. ABNER H. DOANE *et al.*

1. DORMANT DOMESTIC JUDGMENT; *Action, When Barred.* An action cannot be maintained on a dormant domestic judgment, or a revivor of the same had, when more than three years have elapsed from the death of the judgment creditor, and the appointment of an administrator of the estate of the judgment creditor.

2. ACTION, *When Barred.* An action on a domestic judgment is barred in five years from and after the rendition thereof, when no execution has been issued thereon, or no order for the revivor or no action in the nature of revivor has been made, or had.

3. ———— *When Maintained.* Actions on domestic judgments on which executions have been issued, property sold, and proceeds applied in part payment of such judgments, and on which orders of revivor have been made, can be maintained within the statutory periods prescribed for the issuance of executions, and for orders of revivor, and so long as said judgments are not dormant.

*Error from Shawnee District Court.*

ACTION brought August 24, 1885, by *Frank Mawhinney,* who sued in his own right, and *Nettie M. Bragunier* and *Nina*

*F. Bragunier*, minors, who sued by their guardian Frank Mawhinney, against *Abner H. Doane* and another, to recover the amount due on a certain judgment.   The petition states in substance that on January 30, 1879, David Shellabarger recovered against Abner H. Doane, Harvey D. Rice and Jeremiah Bragunier, a judgment in the district court of Shawnee county for $2,024.67 debt, $150 attorney's fee, and $12.30 costs; said judgment to draw 10 per cent. interest till paid. On October 13, 1879, an execution on said judgment was duly returned, with a credit thereon of $502.   On December 11, 1879, an *alias* execution on the judgment was returned wholly unsatisfied.   On November 9, 1879, Jeremiah Bragunier died; on November 26, 1879, Shellabarger, the owner of said judgment, for a valuable consideration sold and transferred it to Sarah R. Bragunier, of which sale and transfer Doane and Rice had notice.   On March 10, 1881, Sarah R. Bragunier was married to Frank Mawhinney, one of the plaintiffs herein. On February 22, 1882, a second *alias* execution on said judgment was returned wholly unsatisfied ; on April 24, 1882, a third *alias* execution was returned wholly unsatisfied.   On April 13, 1882, Sarah R. Mawhinney (formerly Bragunier) died intestate, leaving the above-named plaintiffs and Frank F. Mawhinney her only heirs-at-law.   On April 17, 1882, Frank Mawhinney was duly appointed administrator of the estate of Sarah R. Mawhinney, and guardian of the persons and estates of Nettie M. and Nina F. Bragunier.   On July 28, 1882, Frank F. Mawhinney died intestate, leaving no debts whatever, and the said Frank Mawhinney as his only heir-at-law.   The plaintiffs asked judgment for $3,187.

The defendants filed an answer, wherein they set up fourteen defenses.   The plaintiffs replied by a denial of the fifth, seventh, eighth, tenth, twelfth and fourteenth defenses so set up; and filed a general demurrer to the second, third, fourth, sixth, ninth, eleventh and thirteenth defenses.   On July 22, 1886, the demurrer was sustained as to the second, fourth, eleventh and thirteenth defenses set up in the answer, and overruled as to the third, sixth and ninth defenses therein;

thereupon the plaintiffs replied to the sixth defense, and elected to abide by their demurrer to the third and ninth defenses. Said defenses are as follows:

"3. For a third defense to the petition of plaintiffs, these defendants say, that more than five years have elapsed since any cause of action accrued to the plaintiffs, and prior to the commencement of this or any other suit for the recovery of the same."

"9. For a ninth defense the defendants say that David Shellabarger, the plaintiff mentioned in the judgment recited in the petition, died, and that more than one year elapsed without the same being revived in the name of his administrator, and that it never was revived in the name of his administrator, and that no consent of these defendants was ever given at any time, that the same should be so revived, and that the said judgment, by reason thereof, is barred."

Plaintiffs bring the case to this court.

*W. A. S. Bird,* for plaintiffs in error.

*Waters & Chase,* and *E. F. Hilton,* for defendants in error.

Opinion by SIMPSON, C.: It must be held that this is an action on the judgment, for the reason that the petition so states. The prayer is for a recovery of the amount of the judgment, with interest; and a summons as on a money demand was issued and served. (*Gruble v. Wood,* 27 Kas. 535.) There was no notice of revivor as required by the statute, served in the case. All these things determine the character or nature of the suit as an action on a judgment. Can it be maintained, or is it barred by the statutes of limitation? The case of *Burnes v. Simpson,* 9 Kas. 658, declares that in this state suits can be maintained on domestic judgments. It was claimed in that case, that if an action could be maintained on the domestic judgment, it was barred by the statutes of limitation. The statutes relied on in that case to create the bar have long since been repealed, and other limitations substituted; but the logic of that case remains, and must be applied to our present statutes governing the limitations of such actions. The limitation to be applied to suits on a judgment on which no ex-

ecution has been issued, or where the judgment has not been revived, is to be found in subdivision 6, §18, of the code of civil procedure. (Comp. Laws of 1885.) This ruling follows the case of *Burnes v. Simpson*, so far as the same is applicable to the facts of the one we are considering. But there are other questions here, not raised or discussed in that case; and the principal one is, what limitation applies to an action on a judgment on which successive executions have been issued, property sold, and the proceeds of the sale applied to the part payment of the judgment? Section fifteen of the code provides:

"Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued, but where in special cases a different limitation is prescribed by statute, the action shall be governed by such limitation."

There are other provisions of the code upon the subject of judgments, their life, lien and operation, which must be considered, so that all statutes upon the subject may be construed together, and all given the effect and operation intended by the law-making power. Judgments are declared liens upon the real estate of the debtor within the county in which they are rendered, from the first day of the term of their rendition. This lien is preserved as against all subsequent ones, if an execution is taken out and levied before the expiration of one year next after the rendition of the judgment. This lien can be preserved by the suing out of another execution within five years from the date of the first, and prolonged indefinitely by successive issues of executions within five years of each other. If an execution shall not be sued out within five years from the date of any judgment, or if five years shall intervene between the dates of issuing execution, the judgment becomes dormant, and ceases to operate as a lien on the estate of the judgment debtor. If either or both parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as is prescribed

for reviving actions before judgment. An order to revive an action upon the death of either the plaintiff or the defendant cannot be made after the expiration of one year, without the consent of the opposite party. These various provisions of the code bearing upon the life and effect of judgments, must be given force and expression in the consideration of the various questions arising on the limitation of an action on a judgment. A harmonious construction requires us to hold, that so long as the judgment is kept alive by the process of revivor, or by the issuance of an execution within five years from the date of the rendition of the judgment, or from the last preceding execution, an action may be brought and maintained upon it. We have been thus particular in stating the most liberal interpretation that can be given these various provisions of the code, respecting the limitations therein provided, upon the life, force and effect of domestic judgments, to enable us if possible to bring the plaintiffs in error within their scope and bearing. But there is to us this insuperable difficulty in the way : the judgment sued on is dormant, and the time has expired within which it can be revived. This dormancy was created by the death of Sarah F. Mawhinney on the 13th day of April, 1882, to whom Shellabarger, the original judgment creditor, had assigned the judgment. Shellabarger died, and there was no revivor in the name of his administrator, or in the name of the administrator of Sarah F. Mawhinney, within one year after an order of revivor could have first been made. So long a time elapsed between the date of the death of Sarah F. Mawhinney, the appointment of her administrator, and the commencement of this action, and during all this time the judgment was dormant, that no revivor could be had without the consent of the judgment debtors. No such consent is alleged or shown. The judgment being dormant, no action could be maintained upon it, and it cannot be revived without the consent of the judgment debtors.

This action was commenced on the 24th day of August, 1885. An administrator of the estate of Sarah F. Mawhin-

ney was appointed on the 17th day of April, 1882, so that more than three years have elapsed, and there has been no attempt at revivor. It is said that the case of *Kothman v. Skaggs*, 29 Kas. 5, is an authority for the maintenance of this suit, but it will be seen by an examination of the pleadings in that case that this claim is not well founded. Kothman recovered a judgment against Myers, on the 29th day of May, 1874, and had execution issued thereon on the first day of October, 1874. Myers died on the 10th day of December, 1874, and his administrator was appointed on the 7th day of May, 1875. On the 17th day of August, 1875, Skaggs commenced an action against the administrator and heirs-at-law of Myers, making Kothman a party thereto, and on the 8th day of November, 1875, and within one year from the death of Myers and the appointment of his administrator, Kothman filed his answer, pleading his judgment, praying that it might be revived, and for other relief. Kothman was within the year. These plaintiffs waited for more than three years.

There being no error in the ruling of the district court on the demurrer, we recommend its affirmance.

By the Court: It is so ordered.

All the Justices concurring.