THE SCHUYLER COUNTY BANK, OF LANCASTER, MO.,
    v. MOSES T. BRADBURY.
### No. 8050.

DOMESTIC JUDGMENT—*Limitation of Action.* A right of action
upon a domestic judgment, whereon no execution has issued, is
barred by the five-years statute of limitations, unless the case
falls within some exception.

### *Error from Decatur District Court.*

ACTION by The Schuyler County Bank, of Lancas-
ter, Mo., against Moses T. Bradbury. Judgment for
defendant. Plaintiff comes to this court. The opin-
ion, filed January 11, 1896, states the case.

*E. E. Gibbens*, and *A. J. King*, for plaintiff in error.
*Bertram & McElroy*, for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J.: On September 10, 1884, the plain-
tiff recovered a judgment against Moses T. Bradbury

in the district court of Jewell county, Kansas, for
$3,161.53, together with interest and costs.˙ No ex-
ecution was issued thereon. The plaintiff, on Au-
gust 25, 1890, commenced an action in the district
court of Decatur county against Bradbury and others
in the nature of a creditor's bill, and for the revivor
of said judgment. Demurrers having been sustained
to the petition and the first amended petition respect-
ively, the plaintiff filed its second amended petition,
March 31, 1891, dropping out all the parties except
Bradbury, pleading said judgment of the district court
of Jewell county, and praying a judgment thereon.
The defendant pleaded, among other things, the bar
of the five-years statute of limitations. Whether a
dormant judgment rendered in one county may be
revived by action in another is a question suggested,
but not raised, by the record. The plaintiff's right
of action was barred by the provisions of section 18
of the code of civil procedure, it not being claimed
that either party was under any disability, nor that
the defendant was a non-resident of or absent from
the state at any time between September 10, 1884,
and August 25, 1890. (*Mawhinney v. Doane,* 40 Kan.
676.) The plaintiff relies upon *Baker v. Hummer,* 31
Kan. 325, which holds that an action may be main-
tained on a dormant domestic judgment in this state
if commenced within one year after dormancy; but
in that case the action was not barred by the statute
of limitations, for the judgment was rendered March
25, 1876, and in the following autumn the defendants
removed from Kansas to Illinois, and were continu-
ously absent from this state from that time forth to
the commencement of the action. The only difficulty
about that judgment was that it had become dormant;
but the Jewell county judgment, upon which the

plaintiff sued, besides being dormant, was barred by the statute of limitations, for a right of action accrued on it as soon as it was rendered. (*Burnes v. Simpson*, 9 Kan. 658, 664, 667 ; *Hummer v. Lamphear*, 32 id. 439, 444 ; *Hale v. Angel*, 20 Johns. 342 ; 2 Freem. Judg. [4th ed.] § 432.) Dormancy is curable within one year, but what shall restore to life a right of action barred by the statute of limitations other than the act or default of the defendant?

The judgment of the district court must be affirmed.

All the Justices concurring.