HENRY H. SMALLEY v. THOMAS B. BOWLING.

No. 12,535.    (68 Pac. 630.)

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Dormant.* A domestic judgment which has been rendered for more than six years and upon which no execution has ever been issued, and which has not been revived, is so far extinguished that no action can be maintained on it.

2. ——— *Absence from State Immaterial.* Absence of a judgment debtor from this state will not prevent the running of the statute of limitations upon a domestic judgment against him.

Error from Kearny district court; WM. EASTON HUTCHISON, judge. Opinion filed April 5, 1902. *In banc.* Reversed.

*J. L. Smalley*, *E. R. Thorpe*, and *H. F. Mason*, for plaintiff in error.

*Getty & Hutchings*, and *John Warren*, for defendant in error.

The opinion of the court was delivered by

ELLIS, J. : This was an action brought on a judgment recovered April 13, 1876, in the district court of Wyandotte county by Thomas B. Bowling, defendant in error, against Henry H. Smalley, plaintiff in error. No execution had ever been issued upon the judgment prior to the bringing of this action, on September 8, 1899, in the district court of Kearny county, and no proceedings for revivor had ever been instituted, but it is alleged in the petition that in the month of June, 1876, the defendant in the judgment named left the state of Kansas and has ever since been absent therefrom. The defendant in the court below filed a demurrer to the petition, which was overruled, and, as he elected to stand upon such demurrer, judgment was rendered against him for $1778.89, and an order made for the sale of property attached in the action. To reverse that judgment these proceedings in error were brought by the judgment debtor.

There are two questions in the case: (1) Where, through his own laches, a plaintiff has, by the lapse of time, lost the means of reviving his judgment or of issuing execution thereon, is the judgment practically extinct, or may it be regarded as merely suspended for the time being so that an action can be main-

tained upon it? (2) Does the absence from the state of the judgment debtor prevent the running of the statute of limitations as against the judgment? These propositions are not new, nor are they presented for the first time in Kansas. Upon the last one this court has not directly passed, though it has, by clear implication, done so in numerous cases.

For nearly a quarter of a century this court has held, in substance and effect, that if for any cause a judgment becomes dormant it can only be revived within one year from the time that such revivor could first have been had, and that in cases where execution ·could have been lawfully issued at the instance of the plaintiff thereon, his failure to cause such execution to issue for a period of five years after its rendition would render such judgment dormant, and thereafter it must either be sued upon or revived by motion within the following or sixth year, or it would cease to be a judgment. (*Scroggs v. Tutt*, 23 Kan. 181; *Angell v. Martin*, 24 id. 334; *Halsey v. Van Vliet*, 27 id. 474; *Kothman v. Skaggs*, 29 id. 5; *Markson, Adm'r, v. Kothman*, 29 id. 718; *Tefft v. Citizens' Bank*, 36 id. 457, 13 Pac. 783; *Mawhinney v. Doane*, 40 id. 676, 17 Pac. ·44; s. c., 40 id. 681, 20 Pac. 488; *Chapman v. Chapman*, 48 id. 636, 29 Pac. 1071; *Reaves v. Long*, 63 id. 700, 66 Pac. 1030.)

To quote from these decisions would subserve no beneficial purpose. They constitute a harmonious construction of our statutes, and until now have remained practically unchallenged. The rules thus enunciated have been accepted and acquiesced in by the people, the bench and the bar for many years, and that they were authoritative within this jurisdiction has been recognized by the federal courts and text-writers. In the United States circuit court of

appeals, in the case of *Dempsey v. Township of Oswego*, 51 Fed. 97, 99, 2 C. C. A. 110, 113, it was said:

"Where a judgment has been permitted to become dormant by the neglect of the creditor to issue the proper writ for five years, and no application or motion to revive is made or suit upon the judgment brought within one year after the expiration of the five years, the supreme court of Kansas has uniformly held that the judgment becomes not only dormant, but dead, and no suit can be maintained upon it. . . . It is not important here that the courts of Nebraska and Ohio have adopted a different rule in the construction of similar statutes."

In 2 Freeman on Judgments (4th ed.), section 432, the author, citing the decisions of this state as authority, says:

"If, however, the right to issue execution has been lost from the lapse of time or the inaction of the plaintiff, who has also lost all means of reviving his judgment so as to become entitled to execution thereon, it has been held that the judgment is so far extinguished that it cannot support an action thereon."

Thus it will be seen that this court, by a long course of decisions, has adjudicated and declared the effect of dormancy upon a judgment and has pointed out the remedies which may be pursued within the proper time to save a debt which has become merged into a judgment. The effect of dormancy upon a judgment is not now and has not been for many years an open question in this state and we are decidedly averse at this late day to granting a rehearing upon a matter so long removed from the realm of doubt and uncertainty. If it were an original proposition, the court might, and the writer certainly would, give heed to the arguments adduced against the line of construction adopted by this court. The

Smalley v. Bowling.

judgment in this case had become dormant and it could not have been revived by proceedings under section 4890, General Statutes of 1901.

We held in *Berkley v. Tootle,* 62 Kan. 701, 64 Pac. 620, that section 4451, General Statutes of 1901, does not operate to extend the time within which an order of revivor may be made, and, by force of the same reasoning, section 4449 will not be held to apply so as to toll the statute as construed by this court, and allow proceedings in revivor to be instituted after the expiration of six years from the date of the last execution issued on the judgment, because of the absence of the judgment defendant from the state. Therefore, any other holding than that the judgment sued on was dormant at the time this action was commenced would be grossly inconsistent with former determinations of this court and would, we think, be wrong in principle and without the support of authority. If, then, it be determined that such judgment was dormant and had been for more than one year when the suit upon it was instituted, it does not matter for what reason it became so. It is extinguished, and it cannot be revived in the manner prescribed by statute or form the basis of an action at law or in equity.

The statute itself does not in terms state the effect of dormancy, nor does it provide that an execution cannot be issued upon a judgment which has become dormant; still, the authorities are in substantial accord that no execution can issue while it remains in that condition. The code does declare that the lien of such judgment shall cease when dormancy ensues, but it cannot be successfully claimed that dormancy is attended with no other injurious result. The legislature undoubtedly intended that the courts should

declare the precise status of such a judgment, and this court has done so.

In the case of *Baker v. Hummer*, 31 Kan. 325, 2 Pac. 808, it was held that "an action can be maintained on a dormant domestic judgment in this state, if commenced within one year after the judgment is dormant." In that case, it is recited in the opinion that in the fall of the year in which the judgment was rendered "the defendants removed from the state of Kansas to the state of Illinois and have been continuously absent from this state ever since." The question in the case was whether an action could be maintained upon a judgment upon which an execution had been issued less than six years, but not within five years before the suit was commenced. The absence of the defendants from the state would have afforded the court an additional reason for holding that such action was maintainable if the position of defendant in error in this case be tenable; still, after stating the fact of such absence, in the opinion, the court wholly ignored its own recital and declined to say that the plaintiff in that action could avail himself of the absence of adversaries to reinstate a judgment which he had suffered to become dormant.

In the later case of *Schuyler Co. Bank v. Bradbury*, 56 Kan. 355, 43 Pac. 254, Chief Justice Martin refers to the case of *Baker v. Hummer*, supra, as having been decided on the ground of the absence of the judgment debtors from the state. Therein the learned judge was in error. In this connection, it may be said that a mistake of two years appears in the date of the last execution issued upon the judgment sued on in the *Baker v. Hummer* case, and doubtless that fact caused the mistake of Chief Justice Martin just alluded to. Some of the expressions used in *Schuyler Co. Bank v.*

*Bradbury* seem to give a negative support to the contention of the defendant in error herein, but they were not necessary to the determination of that case and must be regarded as *obiter dicta.*

Under the common law, a cause of action thereon accrues to the plaintiff upon a judgment as soon as it is rendered, and, also, by the common law such judgment is regarded as a contract, so that, under our statute, after it accrues, such right of action, as upon a contract in writing, would continue for five years. We are asked to invoke the rules and fictions of the common law to aid a party who by his own laches has forfeited his rights under a statute which afforded him ample protection. Such party does not present an equitable claim for such an extraordinary remedy, and, waiving that consideration, we may not grant his request because it was clearly the intent of the legislature to ordain a different limitation upon judgments and to treat them as such and not as contracts. This is shown by the fact that in the code of civil procedure, adopted as an entirety, a special limitation is placed upon judgments when so designated, and, as construed by this court, the plaintiff in such judgment has six years after its rendition within which he may bring an action upon it without having previously done any act to preserve its vitality ; and, if he choose so to do, he is afforded a cheap and expeditious method of continuing the judgment in force during the lifetime of the parties to it, by merely giving it sufficient attention once in five years to cause an execution to be issued against his debtor.

We do not think these remedies were intended to be cumulative, but that the design was to make them exclusive. A judgment creditor, as we have seen, does not need to have the statute suspended during

the absence of his debtor from the state in order that his debt may continue valid, for he can cause execution to issue during such absence and thereby preserve his rights, but if he were an ordinary creditor and the statute continued to run while his debtor was beyond the bounds of the commonwealth, the hardship of following and suing the latter would be imposed on the former, with only the alternative of losing the debt.

It follows that, at the time this action was commenced, the judgment set out in the petition of plaintiff below could not serve as a basis of the action, and the action itself, for that reason, could not be maintained.

The judgment of the district court is reversed, with directions to sustain the demurrer of defendant below.

JOHNSTON, CUNNINGHAM, GREENE, JJ., concurring.

DOSTER, C.J., SMITH, POLLOCK, JJ. (dissenting) : We dissent from the judgment of the majority in this case and from the reasons given in the foregoing opinion. We are free to confess that the judgment pronounced is in extension of a long course of decisions by this court, but we are constrained to say that in our view it is wrong—radically wrong. These decisions are bottomed upon a misconception of the word "manner" used in the civil code, section 440 (Gen. Stat. 1901, §4890). That section reads : "If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment." All the cases referred to in the majority opinion were decided on the assumption that the word "manner" in the above section included the element of time. In the recent case of *Reaves v. Long*, 63 Kan. 700, 66 Pac. 1070, it was expressly so held. Two of us who unite in this dissent

concurred in that decision. We are free to say that reflection on the case since then has convinced us we were in error. Manner refers to method and not to limitation of time. Its usual significance in all statutes is merely that of mode. This was distinctly so held in a case raising the precise question here involved under statutes *verbatim* with ours. (*Bankers' Life Ins. Co. v. Robbins*, 59 Neb. 170, 80 N. W. 484.)

Another error into which this court has fallen is in a misconception of the nature of dormancy as related to judgments. We have been viewing it as a condition of death, not of sleep or suspended animation. This was gross error. Dormant is defined:

"Being in a state of or resembling sleep; torpid; especially hibernating in a state of lethargy. Not aroused to action, though capable of it; not used, asserted, or enforced." (Stand. Dict.)

The very statute referred to by the majority applies the above definition. That statute reads:

"If execution shall not be sued out within five years from the date of any judgment . . . such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor." (Civil Code, § 445; Gen. Stat. 1901, § 4895.)

The statute therefore declares the effect of dormancy to be merely cessation of lien. This is but a legislative recognition of the common-law rule.

"At common law, and by the overwhelming weight of authority in this country, the right to maintain an action upon a domestic judgment is not at all dependent upon the right to issue an execution thereon." (11 Encyc. Pl. & Pr. 1089.)

"At the common law, an action of debt will lie on a judgment, as soon as it is recovered, and without any regard to the plaintiff's right to take out execution: for the remedy by execution is cumulative

merely, and the statutes giving this remedy do not impair the common-law right of action on the judgment as a debt of record." (Black, Judg. § 958.)

At common law, dormancy was not the death of the judgment; it merely suspended the enforcement of the judgment. At common law, a dormant judgment could be revived by a new action or by *scire facias;* but meanwhile it retained its existence as an evidence of debt. This was clearly shown in *Lockwood v. Barefield,* 7 Ga. 393. In that case it was held that an action of debt would lie on a dormant domestic judgment. Now, it has been often held in this state that actions would lie on domestic judgments. Hence, if the court is in error in enlarging the word "manner," used in section 440 of the civil code (Gen. Stat. 1901, § 4890), to include the element of time—to include the limitation of one year prescribed by section 434 of the civil code (Gen. Stat. 1901, § 4884) for reviving actions—there is therefore no limitation applicable to suits on judgments except the one prescribed by the general code provisions. Those code provisions except from their terms the case of non-resident defendants, or defendants out of the state. This precise question was decided by the court of appeals of Kentucky. Certain sections of the statutes of that state, the same as ours in substance and import, were under consideration in a case of a character precisely like this one. The court said:

"It is contended, however, that as the second section of the latter act absolutely prohibits the issuing of an execution upon a judgment after fifteen years from the date of the last execution, the judgment against Davidson was barred long before this suit was commenced, and that, as the judgment was barred, no action can be maintained to enforce it. That statute did not provide that a judgment should be barred by

the lapse of fifteen·years without an execution having issued thereon. It only provided that no execution should issue, and left any right of action the plaintiff may have had upon the judgment to be governed by the same rules applicable to other causes of action; and Simmons having had a cause of action on the judgment, the prosecution of which was obstructed by the departure of Davidson from the state, we are of the opinion that the statute is unavailing." (*Davidson etc. v. Simmons*, 74 Ky. 330, 334.)

A similar holding, construing similar statutes, was made in *Hicks v. Brown*, 38 Ark. 469. See, also, to the same effect, *Bankers' Life Ins. Co. v. Robbins*, supra; *Tyler's Ex'rs v. Winslow*, 15 Ohio St. 364.

The judgment should be affirmed and not reversed.