# CASES DETERMINED

## BY THE

# SUPREME COURT

## OF THE

## STATE OF MISSOURI,

### AT THE

### APRIL TERM, 1895.

---

ST. LOUIS TYPE FOUNDRY COMPANY V. JACKSON,
*Appellant.*

Division Two, April 12, 1895.

1. **Judgment:** CONTRACT: LIMITATIONS: STATUTE OF KANSAS. A judgment is a contract within the meaning of section 18 of the civil code of Kansas requiring actions upon any agreement, contract or promise in writing, other than for the recovery of real property, to be brought within five years. And under the provisions of section 445 of said code, declaring that a judgment shall become dormant if execution is not sued out within five years, or if five years have intervened between the date of the last execution issued and the suing out of another, no action can be brought on a judgment more than five years after its entry, where no execution was issued thereon and no steps have been taken to revive it.

2. ———: ———: ———: JUDGMENT OF KANSAS. No action can be brought in this state upon a judgment rendered in Kansas, after such judgment has, by the law of the latter state, become dormant, which the decisions of that state construe to mean dead.

3. **Right:** REMEDY. Where all remedy is taken away by statute, the right which the remedy was intended to enforce is destroyed.

(119)

*Appeal from Cass Circuit Court.*—HON. W. W. WOOD, Judge.

REVERSED.

*Noah M. Givan* for appellant.

(1) The judgment sued on became dormant, by the laws of Kansas, section 445, on July 12, 1880, five years after it was rendered; and within one year thereafter, more than eleven years before this suit was brought, it became dead, and could not be revived. (Secs. 440, 433, 434.) *Angell v. Martin*, 24 Kan. 334; *Tibbetts v. Deck*, 41 Kan. 492; *Tefft v. Bank*, 36 Kan. 457; *Chapman v. Chapman*, 48 Kan. 636; *State v. McArthur*, 5 Kan. 283; *Burns v. Simpson*, 9 Kan. 666; *Mawhinney v. Doane*, 40 Kan. 676; *Scroggs v. Tutt*, 23 Kan. 181; *Tutt v. Ferguson*, 13 Kan. 53; *Gamble v. Wood*, 27 Kan. 536; *Barker v. Hammer*, 31 Kan. 325; *U. S. ex rel. v. Twp. Oswego*, 28 Fed. Rep. 55; *Dempsey v. Twp. Oswego*, 51 Fed. Rep. 99. (2) The judgment sued on has no higher or greater effect in this state, under the constitution and laws of the United States, than it has in the state of Kansas, where rendered, under the statutes and procedure of that state. Const. U. S., sec. 1, art. 4; Law of Congress, secs. 905, 906 (R. S., p. 2068); Freeman on Judgments, secs. 221, 575, 576; *Suydam v. Barber*, 18 N. Y. 468; *Wood v. Watkinson*, 17 Conn. 500; *Fletcher v. Ferrell*, 9 Dana, 372; *McJilton v. Love*, 13 Ill. 486; *Cook v. Thornhill*, 13 Tex. 293; *Griffin v. Eaton*, 27 Ill. 379; *Swift v. Stark*, 2 Oregon, 97; *Kellum v. Toms*, 38 Wis. 598; *Brown v. Parker*, 28 Wis. 21; *Hanley v. Donahue*, 116 U. S. 7; *Remand v. Abbott*, 116 U. S. 277; 12 Am. and Eng. Encyclopedia of Law, 148o, and note 2; *Baker v. Stonebraker*, 36 Mo. 338; *Holt v. Johnson*, 50

Mo. App. 373. (3) Any defense to the judgment sued on, going to the merits and not to the remedy alone, that is good in the state where it was rendered, is good here. 12 Am. and Eng. Encyclopedia of Law, 149a, and note 2; *Eaton v. Hasty*, 6 Neb. 419; *Hampton v. McConnell*, 3 Wheat. 234; *Bank v. Wheeler*, 28 Conn. 433; *Lawrence v. Jarvis*, 32 Ill. 304; *Baker v. Stonebraker*, 36 Mo. 338; *Holt v. Johnson*, 50 Mo. App. 373.

*S. W. Hoover* and *Wm. L. Jarrott* for respondent.

(1) An action can be instituted on a judgment like any other debt. The court did not err in rendering judgment for the plaintiff, for the reason that the statute of limitations of Kansas does not extinguish the debt. *McMerty v. Morrison*, 62 Mo. 140; *Stewart v. LeRoy*, 11 Wall. 344; *Williams v. Railroad*, 123 Mo. 573; *Stewart v. Kahn*, 11 Wall. 494. The statutes of limitation referred to affect the remedy only, and do not extinguish the right, and are so construed by the courts of this state and of Kansas. *Williams v. Railroad, supra; Carson v. Hunter*, 46 Mo. 467; *McMerty v. Morrison*, 62 Mo. 140; *Elder v. Dyer*, 26 Kan. 604; *Sibert v. Wilder*, 16 Kan. 176. (2) But if said statutes were to be construed as statutes extinguishing the right, still defendant's answer does not bring it within the distinction as made by Judge Story between statutes which affect the remedy and those affecting the right, because his qualifications of that rule required that both parties should continue to reside in the state where the law extinguishing the right of action prevails during the full period of limitations, so that it could act both upon the parties and the cause of action. *Williams v. Railroad*, 123 Mo. 573. (3) The case at bar is to be determined, so far as the statutes

of limitations are concerned, by the statutes of Missouri and not of Kansas. *Carson v. Hunter*, 46 Mo. 467; *Sterling v. Winter*, 80 Mo. 141. Although the action may be barred by the statutes of Kansas, if not barred here, it can not be maintained in our court, unless the statute of the state of Kansas be one not of repose, but presumption of payment. *McMerty v. Morrison, supra; Lyman v. Campbell*, 34 Mo. App. 213; *Christmas v. Russell*, 5 Wallace, 290; *Bank v. Dalton*, 9 Howard, 532. The supreme court of Kansas holds that the statute pleaded is one of repose, but not one of presumption of payment. *Elder v. Dyer*, 26 Kan. 604; *Pracht v. McNee*, 40 Kan. 1; *Freeman v. Hill*, 45 Kan. 535; *Keith v. Keith*, 26 Kan. 40. (4) Under the statute of this state and the common law, the judgment sued on had twenty years to run from the date of its rendition, and was not barred at the time this suit was instituted. Freeman on Judgments [3 Ed.], sec. 464; R. S. Mo., sec. 6796. (5) "The statute of limitations to be applied is the statute of the state where suit is brought on the judgment, not that of the state where the judgment was rendered." Black on Judgments, sec. 892; *Gulick v. Yoder*, 13 N. J. Law, 68; *Miller v. Brenham*, 68 N. Y. 83; *Lincoln v. Battell*, 6 Wend. 475; *Ruggles v. Keeler*, 3 Johns. 253; *Power v. Hathaway*, 43 Barb., 214; *Toulandon v. Lachenmeyer*, 37 How. 145.

BURGESS, J.—On the twelfth day of July, 1875, plaintiff recovered a judgment against the defendant in the district court of Wyandotte county, Kansas, on several promissory notes, amounting in the aggregate to the sum of $782.37. This suit was instituted upon that judgment, on the twenty-fifth day of August, 1892, in the circuit court of Cass county, Missouri, defendant being at that time temporarily in that county,

his home being in said Wyandotte county prior to, and ever since the rendition of the original judgment. The defense relied upon was the statute of limitations, the answer alleging that the judgment had never been revived or kept alive by the issuance of execution or other process thereon, and had become extinguished and void under the laws of the state of Kansas. The trial resulted in a judgment for plaintiff in the sum of $2,189.39, and defendant appealed.

The sections of the Kansas statute (2 Gen. Stat. 1889, chap. 80), relied upon by defendant as sustaining his defense, and which were read in evidence by him, are as follows:

"Section 445. If execution shall not be sued out within five years from the date of any judgment that now is, or may hereafter be rendered, in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor."

"Section 440. If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

"Section 433. An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made."

"Section 434. An order to revive an action, in the names of the representatives or successor of a plaintiff, may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made; but where the defendant shall also

have died, or his powers have ceased, in the meantime, the order of revivor, on both sides, may be made in the period limited in the last section."

"Section 18. Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterward. *First.* Within five years: An action upon any agreement, contract or promise in writing   * * *."

"Section 25. When a right of action is barred by the provision of any statute, it shall be unavailable, either as a cause of action or ground of defense."

The judgment sued on was never revived, no execution was ever issued on it, nor was any part of it ever paid.

In order to bring the case within the meaning of section 18, quoted, which prescribes that an action upon any agreement, contract or promise in writing, must be brought within five years, it must be held that a judgment is a contract of record.

In passing upon this question in *Burnes v. Simpson*, 9 Kansas, 658, it was said that a "judgment is a contract, and is a contract by specialty." 2 Blackstone's Commentaries, 465, says a judgment is "a contract of the highest nature, being established by the sentence of a court of judicature." 1 Story on Contracts, sec. 2; 1 Chitty on Contracts, 2; 1 Parsons on Contracts, 8.

The judgment being a contract, and more than five years having elapsed after its rendition before the commencement of this suit, during which time no execution was issued thereon, or steps taken to revive it, was it barred and the right extinguished by the statute of limitations of Kansas?

If the right was not extinguished by the laws of that state, then the action may be maintained in this

state, as, by the Missouri statute, no legal presumption of the payment of a judgment of a court of record arises until the expiration of twenty years from the time of its rendition, and suit may be brought thereon within that time after the expiration of ten years from the time the judgment is rendered.

In *Angell v. Martin*, 24 Kansas, 334, BREWER, J., in speaking for the court, said: "A party may, by the issue of executions every five years, keep a judgment alive indefinitely. It remains in force without execution for five years, and the plaintiff may revive it any time within one year thereafter, so that practically a plaintiff may neglect his judgment for six years, lacking a day, and then revive and put it in force for five years more. And, if a party neglects his judgment for six years, he has little cause of complaint, if the law says to him, "you have slept upon your rights too long, and public policy requires that claims so old should be considered barred. If he had commenced an action upon this judgment, the statute of limitations would have barred it long ago. (*Burnes v. Simpson*, 9 Kansas, 658.)"

The same question was before that court again in *Mawhinney v. Doane*, 40 Kan. 676, and it was held that an action on a domestic judgment was barred in five years from the rendition thereof when no execution had been issued thereon, no order for the revivor, and no action had been taken to enforce the same. The court said:

"Judgments are declared liens upon the real estate of the debtor within the county in which they are rendered, from the first day of the term of their rendition. This lien is preserved as against all subsequent ones, if an execution is taken out and levied before the expiration of one year next after the rendition of the judgment. This lien can be preserved by the suing out of

another execution within five years from the date of
the first, and prolonged indefinitely by successive issues
of executions within five years of each other. If an
execution shall not be sued out within five years from
the date of any judgment, or if five years shall inter-
vene between the dates of issuing execution, the judg-
ment becomes dormant, and ceases to operate as a lien
on the estate of the judgment debtor. If either or
both parties die after judgment, and before satisfaction
thereof, their representatives, real or personal, or both,
as the case may require, may be made parties to the
same, in the same manner as is prescribed for reviving
actions before judgment. An order to revive an action
upon the death of either the plaintiff or the defendant
can not be made after the expiration of one year, with-
out the consent of the opposite party. These various
provisions of the code bearing upon the life and effect
of judgments, must be given force and expression in
the consideration of the various questions arising on
the limitation of an action on a judgment. A har-
monious construction requires us to hold, that so long
as the judgment is kept alive by the process of revivor,
or by the issuance of an execution within five years
from the date of the rendition of the judgment, or from
the last preceding execution, an action may be brought
and maintained upon it. We have been thus particu-
lar in stating the most liberal interpretation that can
be given these various provisions of the code, respect-
ing the limitations therein provided, upon the life,
force and effect of domestic judgments, to enable us, if
possible, to bring the plaintiffs in error within their
scope and bearing. But there is to us this insuperable
difficulty in the way; the judgment sued on is dormant,
and the time has expired within which it can be re-
vived. This dormancy was created by the death of
Sarah F. Mawhinney on the thirteenth day of April,

1882, to whom Shellabarger, the original judgment creditor, had assigned the judgment. Shellabarger died, and there was no revivor in the name of his administrator, or in the name of the administrator of Sarah F. Mawhinney, within one year after an order of revivor could have first been made. So long a time elapsed between the date of the death of Sarah F. Mawhinney, the appointment of her administrator, and the commencement of this action, and during all this time the judgment was dormant, that no revivor could be had without the consent of the judgment debtors. No such consent is alleged or shown. The judgment being dormant, no action could be maintained upon it, and it can not be revived without the consent of the judgment debtors."

In such circumstances no action can be maintained on such a judgment in that state. This was the view taken by SANBORN, C. J., in *Dempsey v. Township of Oswego*, 51 Fed. Rep. 97, in which it was said: "Where a judgment has been permitted to become dormant by the neglect of the creditor to issue the proper writ for five years, and no application or motion to revive is made or suit upon the judgment brought within one year after the expiration of the five years, the supreme court of Kansas has uniformly held that the judgment becomes not only dormant but *dead*, and no suit can be maintained upon it." See, also, *U. S. ex rel. v. Township of Oswego*, 28 Fed. Rep. 55.

It is true that in *Elder v. Dyer*, 26 Kan. 604, and *Freeman v. Hill*, 45 Kan. 435, it was held that in that state all statutes of limitation are considered only as statutes of repose and not as presumptions of payment; but the first case was an action on a promissory note, and the latter on an appeal bond, with respect to which, as has been seen, the statute of limitations differs very materially from that in refer-

ence to judgments, and those decisions must be construed in the light of the subjects under consideration.

The statute provides that if execution shall not be sued out within five years from the date of any judgment, or if five years shall have intervened between the date of the last execution issued on such judgment and time of suing out another writ of execution thereon, such judgment shall become dormant, which, under the adjudicated cases of that state, by which we must be governed in the construction of its laws, means dead, and whatever the law may be with respect to other causes of action, in the absence of some steps taken to keep the judgment alive by suing out execution or bringing suit thereon within five years after the judgment was rendered, the *law presumes* that it was satisfied (*State ex rel. v. McArthur*, 5 Kan. 280), and effectually destroyed any rights that may have existed thereunder.

By the statute all remedy was taken away, which is never done without an intention to destroy the right (*Moore v. Luce*, 29 Pa. St. 262), and it would seem "illogical to hold that the remedy may be destroyed and the legal right remain." *McCracken Co. v. Trust Co.*, 84 Ky. 344. From a legal standpoint the existence of one implies the existence of the other and it would seem impossible that one can exist without the other.

In *McMerty v. Morrison*,, 62 Mo. 140, it was said: "The doctrine is firmly rooted, that the statute of limitations of the country in which suit is brought, may be pleaded to bar a recovery on a contract made out of its political jurisdiction, and that the statute of the place where the contract was made, can not be so pleaded. But where the statute of limitations where the contract is made operates to extinguish the contract or debt itself, the case no longer falls within the law in respect to the limitation of the remedy; and when such a con-

tract is sued upon in another state, the *lex loci con-tractus*, and not the *lex fori*, is to govern."

The right being extinguished by the statute of limitations of Kansas the case does not come within the law of limitations as to the remedy, and must be governed by the laws of that state, where the judgment was rendered. *Baker v. Stonebraker*, 36 Mo. 339; *McMerty v. Morrison, supra.*

There is a clear distinction in the law as applicable to the case in hand and *Williams v. Railroad*, 123 Mo. 573, and *Morgan v. Railroad*, 51 Mo. App. 523. In the first case neither party was a resident of Kansas at the time of the injury sued for, or at any other time, and it was held that the action, being one at common law, was properly brought in this state, and was not barred by the statute of limitations of Kansas. The facts were similar in the *Morgan case*, in which a like conclusion was reached. Moreover, there is no provision in the Kansas statute by which such rights of action become dormant or dead, because of failure to assert or preserve them in the manner designated, as in case of judgments.

From the view we have taken of this case it is immaterial as to the proper construction to be placed upon section 25, *supra*, whether it be only an ordinary statute of limitation, affecting the remedy only, or whether it extinguishes the right, as in no event is the plaintiff entitled to recover in this action. The judgment is reversed. All of this division concur.