BERKLEY v. TOOTLE et al., Appellants.

Division One, June 12, 1901.

Suit on Foreign Judgment: LIMITATIONS. The Kansas laws provided that unless execution were issued on a judgment rendered in that State within five years, it became dormant, and ceased to operate as a lien upon the estate of the judgment debtor, and no suit thereafter could be maintained thereon, unless suit to revive the same or suit on the judgment itself be brought within one year after the expiration of the five years. There was no execution issued on the Kansas judgment which forms the basis of the action in this case, and no suit of revivor was brought in Kansas within one year

Berkley v. Tootle.

of the expiration of the five years, but within that year suit was brought in this State on such Kansas judgment. *Held,* that the action was not barred by the statute of limitation, since such suit could have been maintained in Kansas under her laws.

Appeal from Buchanan Circuit Court.—*Hon. Thos. J. Porter,* Special Judge.

AFFIRMED.

*B. P. Waggener, Albert H. Horton* and *Edward D. Osborn* for appellants.

(1) The judgment sued upon had become dormant by lapse of time and had not been revived. Secs. 455 and 439, ch. 95, Gen. Stat. Kan. 1897; secs. 425, 426, 427, 428, 432 and 433, ch. 95, Gen. Stat. Kan. 1897. A dormant judgment is not merely one upon which the right to issue execution has expired. It is dead and of no force. Its life is.gone; its effectiveness has expired. State v. McArthur, 5 Kan. 283; Mawhinney v. Doane, 40 Kan. 676; Ballinger v. Redhead, 1 Kan. App. 438. When a money judgment has lost its force, when it is "dead," and has lost all its effectiveness as an existing, living judgment, no suit can be brought upon it to recover the amount thereof. Such an action presupposes an existing judgment that is in force. The action can no more be maintained than if the alleged judgment was wholly void. There is a very material difference between an action brought upon an existing judgment to enforce it and recover the amount thereof, and an action brought to revive a judgment and then, after the judgment has been revived and given life and force again in accordance with the provisions of the statute, allowed to proceed as an action upon the revived judgment. After the judgment becomes dormant, no action seeking to recover

upon the judgment the amount thereof and treating the judgment as an existing and valid one, can be maintained. Schultz v. Clock Co., 39 Kan. 334; Gruble v. Wood, 27 Kan. 535; Mawhinney v. Doane, 40 Kan. 682. This court has had these questions, arising under these very same statutes, under consideration in a comparatively recent case, and has held that no action to revive a dormant judgment can be maintained in Missouri. St. Louis Type Foundry Co. v. Jackson, 128 Mo. 128; Baker v. Stonebraker's Admrs., 36 Mo. 338. (2) While it is true that statutes of limitation merely affecting the remedy do not have force outside of the State that enacts them, and can not ordinarily limit the remedy upon the cause of action in another state, it is different with statutes that affect the validity, duration or existence of the right itself. The latter are not mere provisions of the law of procedure or of the administration of remedies. Morgan v. Railroad, 51 Mo. App. 523; Hoskins v. Sheddon, 70 Ga. 528; Dailey v. Railroad, 57 N. Y. Sup. 485; Hamilton v. Railroad, 6 L. R. A. 152; The Harrisburg, 119 U. S. 199; Gaines v. Miller, 111 U. S. 395; Brunswick Terminal Co. v. National Bank, 99 Fed. 635, 48 L. R. A. 625. (3) Where the judgment of a sister State is sued upon or is relied upon as an estoppel it can have no greater force and effect than it has by the laws of the State where rendered. Hanley v. Donoghue, 116 U. S. 1; Cheever v. Wilson, 9 Wall. 108; Chase v. Curtis, 113 U. S. 452; Chew v. Brumagen, 13 Wall, 497; Smith v. Moore, 53 Mo. App. 531; Brown v. Parker, 28 Wis. 21; Wood v. Watkinson, 17 Conn. 507; Bank v. Wheeler, 28 Conn. 433; Dow v. Blake, 148 Ill. 76; Faber v. Hovey, 117 Mass. 107; French v. Pease, 10 Kan. 54. (4) If by the laws of the sister State a judgment rendered by its courts is given a conditional effect, it can be given no other or greater effect when sued upon in Missouri. Any State may determine what force and effect the judgments

of its courts shall have, provided it does not attempt to impose upon persons or property, without its jurisdiction, any liability. And the construction placed by the courts of the State upon its own statutes relating to this matter will be taken as the true construction, and will be read into such statutes as a part thereof by the courts of the other States. Elmendorf v. Taylor, 10 Wheat. 160; Shelby v. Guy, 11 Wheat. 367; Town of S. Ottawa v. Perkins, 94 U. S. 267; Fairfield v. Co. of Gallatin, 100 U. S. 147; Christie v. Pridgeon, 4 Wall. 203; Hoyt v. Thompson, 3 Sanford (N. Y.), 421; Hunt v. Hunt, 72 N. Y. 236; Jessup v. Carnegie, 80 N. Y. 441. (5) The circuit court of Buchanan county could not revive the judgment. The judgment sued upon was dead and without force when this action was begun. Upon such a judgment, no action could be maintained in the court below. St. Louis Type Foundry Co. v. Jackson, 128 Mo. 119; Baker v. Stonebraker's Admrs., 36 Mo. 338. No revivor was at any time asked for, and none was attempted to be made. It appears that in the Kansas courts an independent action may be brought to revive a dormant judgment, but it must be framed as an action with that object. The petition must pray for a revivor. An ordinary suit upon a judgment to recover the amount thereof is not such an action, and will not lie. This action is one upon a judgment to recover the amount thereof, and not an action to revive it. (a) A dead Kansas judgment can not be revived by the courts of another State, the latter having no jurisdiction in the matter. Amsbaugh v. Bank, 33 Kan. 105; 2 Minor's Institutes (3 Ed.), 853; Smith v. Bank, 5 Pet. 525. (b) The statute which creates the right to have a dead judgment revived limits that right to a period of one year. Secs. 439, 432, 433, chap. 95, Gen. Stat. Kan. 1897; Tefft v. Bank, 36 Kan. 457; Newton v. Arthur, 8 Kan. App. 360; Railroad v. Hine, 25 Ohio St. 629; Dailey v. Railroad, 57 N. Y. Sup. 485; Railroad v. Lacey, 49

Ga. 106; Hoskins v. Sheddon, 70 Ga. 528; O'Shields v. Railroad (Ga.), 6 L. R. A. 152. (c) The Kansas statutes provide that a notice of application for an order of revivor shall be served upon the adverse party, if he is within the State. An ordinary summons requiring the defendant to appear and answer or defend, and threatening a money judgment against him if he does not do so, is not sufficient, and gives the court no jurisdiction to revive the judgment. It does not notify him of the nature of the proceeding, or rather it notifies him that a wholly different sort of proceeding has been commenced against him, and gives him no warning that the judgment is to be revived. Gruble v. Wood, 27 Kan. 535; Mawhinney v. Doane, 40 Kan. 676; Guess v. Briggs, 54 Kan. 32; Lencke v. Treadway, 45 Mo. App. 507; Fowler v. Lamson, 146 Ill. 472; Russell v. Railroad; 113 Cal. 258; Ferguson v. Sherman, 116 Cal. 169, 37 L. R. A. 622; Marshall v. Sherman, 148 N. Y. 9; Lowry v. Inman, 46 N. Y. 120. The Kansas statute provides the particular mode of reviving a judgment. It provides that the revivor must be had within a certain time. It provides for a certain kind of notice. If any proceeding at all to revive a Kansas judgment can be maintained in Missouri, the revivor can be had only in the mode prescribed in the Kansas statutes, as construed by the Kansas courts. The Kansas statute for reviving the judgment has not been followed in Missouri. The judgment has not been revived properly in Kansas or Missouri. The Kansas judgment was dormant, dead, when the action below was commenced in Missouri. All proceedings upon a Kansas judgment while it is dormant, except to revive in time, are void and will be set aside. State v. McArthur, 5 Kan. 283.

*Richard S. Horton, George W. Groves* and *W. K. James* for respondents.

(1) Suit on the judgment was not barred by the statute of limitations of Missouri or Kansas. The statute of limitations to be applied is that of the State where suit is brought on the judgment, not of the State where the judgment was rendered. Gulick, v. Loder, 13 N. J. L. 68; Miller v. Brenham, 68 N. Y. 83; Reed v. Boyd, 13 Texas, 241; Spann v. Cummerford, 20 Texas, 216; Hepler v. Davis (Neb.), 49 N. W. 458. The statute of limitations of Kansas provide that suit may be brought on a domestic judgment within five years after the rendition thereof, or an execution issued thereon. G. S. Kan. 1897, ch. 95, sec. 12. There is a difference between the judgment becoming absolutely dead, by not being revived, and the losing of a lien. The right to revive may be lost, but the right to sue upon it is not lost, unless barred by the statute of limitations. Scroggs v. Tutt, 23 Kan. 189; Baker v. Hummer, 31 Kan. 325. (2) Respondent could maintain an action on such judgment within one year after March 8, 1897. Baker v. Hummer, 31 Kan. 325; United States v. Huston, 48 Fed. Rep. 207; Mawhinney v. Doane, 40 Kan. 676. (3) The order of revivor can not have any effect beyond the jurisdiction of the State of Kansas. Kay v. Walter, 28 Kan. 111; Weaver v. Cresman, 21 Neb. 675; Watkins v. Wortman, 19 W. Va. 78.

BRACE, P. J.—This is an appeal from a judgment of the Buchanan Circuit Court, in favor of the respondent against the appellants *Kate M. Tootle, William W. Wheeler, Joshua Motter, and Frances M. Dameron,* for the sum of $3,302.85, in an action on a judgment of the Decatur county district court in the State of Kansas.

There was no dispute about the facts, which are as follows:

On the eighth day of March, 1892, the plaintiff obtained judgment in the district court of Decatur county, Kansas (a court of general jurisdiction, having jurisdiction of the parties

and of the subject-matter), against *Kate M. Tootle,* William E. Hosea, *William W. Wheeler, Joshua Motter and Frances M. Dameron,* partners, doing business under the firm name of Tootle, Hosea & Company; Hiram Patterson, Henry Thomas and Charles Zook, partners, doing business under the firm name of Patterson, Thomas & Company; Moses D. Wells, Henry J. McFarland and R. B. Wells, partners, doing business in the firm name of M. D. Wells & Company; E. P. Reed and S. V. Pryor & Son, a co-partnership, for the sum of $2,052.85. Thereafter, the said defendants prosecuted a petition in error to the Supreme Court of the State of Kansas, by which court said judgment was affirmed on the sixth day of June, 1896, and its mandate filed in said district court on the twenty-seventh of June, 1896.

Pending these proceedings on the seventeenth of April, 1893, the said Hosea died at his domicile in Buchanan county, Missouri, and in that month letters of administration of his estate were duly granted by the probate court of said county, and during all the time of the pendency of these proceedings in the district court of Decatur county, and in the Supreme Court of Kansas, the appellants were residents of the State of Missouri, as they now are and ever since have been; and have not been within the State of Kansas since the rendition of the judgment by the said Decatur county district court.

On the third day of December, 1897, on motion of the respondent, notice of which was given by publication, but of which appellants had no actual knowledge, an order was made by the judges of said district court reviving said judgment against the administrators of the said William E. Hosea, deceased, and against the other of said judgment defendants and each of them.

Afterwards, on the fifteenth of January, 1898, this suit was instituted by the respondent in the circuit court of Buch-

anan county, Missouri, against all of said defendants, except Hosea, deceased; but the appellants being the only ones served, it was dismissed as to the others.

The appellants answered, denying the allegations of the petition, pleading the statute of limitations, and certain statutes of the State of Kansas, setting up thereon the defense, upon which they rely, that at the time this suit was brought the said judgment under the laws of Kansas was dead, and no action could be maintained thereon.

Afterwards, on the twenty-fourth day of February, 1898, the appellants, with the said Moses Wells, Henry J. McFarland and R. P. Wells, partners as aforesaid, appearing specially for that purpose, filed their motion in the district court of Decatur county, Kansas, to set aside the order of the judge of said court, of the third of December, 1897, reviving said judgment, which motion was on the ninth day of March, 1898, sustained as to the said Hosea, deceased, and his administrators, and overruled as to the other defendants.

Thereupon, appellants, with the said Wells, McFarland & Wells, prosecuted a petition in error, with supersedeas, from the order of said district court overruling the motion to set aside the order reviving said judgment to the Supreme Court of Kansas, and on the third day of June, 1898, filed their motion in the circuit court of Buchanan county, Missouri, for a continuance of this suit until the petition in error of appellants and the said Wells, McFarland & Wells, should be heard and determined by the Supreme Court of Kansas, which motion was overruled, and on the same day the case coming on for trial, was tried, and the judgment rendered, from which this appeal was taken on the fourteenth of June, 1898. No execution was ever issued and no payment was ever made on the Kansas judgment, nor was it ever exhibited as a demand against the estate of Hosea in the probate court of Buchanan county.

On the eighth of April, 1899, the ruling of the district court of Decatur county, refusing to set aside the order of revival aforesaid, was reversed by the Supreme Court of Kansas, on the ground that the judge who made the order of revival was of counsel for the judgment plaintiff and had a pecuniary interest in the judgment to the extent of his fee, for which he had filed an attorney's lien. [Tootle v. Berkley, 60 Kan. 446.]

(1) By the Laws of Kansas, a personal judgment against two parties is a joint and several obligation and an action upon it can be maintained against either of the judgment debtors separately. [2 Gen. Stat. Kan. 1897, ch. 114, p. 590; Read v. Jeffries, 16 Kan. 534; Stout v. Baker, 32 Kan. 113.] And in considering this case the judgment in question may be treated simply as a joint and several judgment against the appellants, and the other parties thereto may be disregarded. In that State, an action at law may be maintained on a domestic judgment. The right of action accrues at the date of the rendition of the judgment, and when no execution has been issued, is barred by the statute of limitations of that State by the lapse of five years, from its date, unless the case falls within some of the exceptions of that statute, one of which is absence from the State. [2 Gen. Stat. Kan. 1897, cap. 95, secs. 12 and 15; Burnes v. Simpson, 9 Kan. 658; Hummer v. Lamphear, 32 Kan. 439; Schuyler Co. Bank v. Bradbury, 56 Kan. 355.]

By the laws of this State, in force at the time this suit was brought, an action on the judgment of a court of record of a sister State was not barred until after the lapse of twenty years from its date. [R. S. 1889, sec. 6796.]

If we had only the statutes of limitations *eo nomine* of these States, to deal with in this case, there would be no difficulty in sustaining the judgment of the circuit court, for it was well-settled law in this State, prior to the revision of 1899, when a new section (4280) was engrafted upon our statute of

limitations, changing the rule, that in an action on a judgment of a sister State, the statutes of limitation of the State in which suit is brought is to be applied, and not the statute of the State in which the judgment is rendered. Even if the reverse were the rule and the Kansas statute of limitations could be applied, the appellants having been non-residents of that State, and continuously absent therefrom, ever since the rendition of the Kansas judgment, the action could have been maintained. But the law upon which the appellants rely to defeat this action is not the literal statute of limitations of either State, but certain statutes of the State of Kansas, which as construed by the Supreme Court of that State, affect the life of its judgments, and which are as follows:

"Sec. 455. If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered in any court of record in this State, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment-debtor.

"Sec. 439. If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment.

"Sec. 425. The revivor shall be by an order of the court if made in term, or by a judge thereof if during vacation, that the action be revived in the name of the representatives or successor of the party who died, or whose powers ceased, and proceed in favor of or against them.

"Sec. 426. The order may be made on the motion of the adverse party, or of the representatives or successors of the party who died, or whose powers ceased, suggesting his death or

the cessation of his powers, which with the names and capacities of his representatives or successor shall be stated in the order.

"Sec. 427.    If the order is made by the consent of the parties, the action shall forthwith stand revived; and, if not made by consent, notice of the application for such an order shall be served in the same manner and returned within the same time as a summons, upon the party adverse to the one making the motion; and if sufficient cause be not shown against the revivor, the order shall be made.

"Sec. 428.    When the plaintiff shall make an affidavit that the representatives of the defendant, or any of them in whose name it is desired to have the action revived, are non-residents of the State, or have left the same to avoid the service of the notice, or so concealed themselves that the notice can not be served upon them, or that the names and residences of the heirs or devisees of the person against whom the action may be ordered to be revived, or some of them, are unknown to the affiant, a notice may be published for three consecutive weeks, notifying them to appear on a day therein named, not less than ten days after the publication is complete, and show cause why the action should not be revived against them; and if sufficient cause be not shown to the contrary, the order shall be made.

"Sec. 432.    An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representative or successor, unless in one year from the time it could have been first made.

"Sec. 433.    An order to revive an action in the names of the representatives or successor of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made; but where the defendant shall also have died, or his powers have ceased in the meantime, the order of revivor on both sides may be made in the period limited

in the last section." [2 Gen. Stat. Kan. 1897, cap. 95.]

Under this statute, as construed by the Supreme Court of Kansas, where a judgment has been permitted to become dormant by the neglect of the creditor to issue execution thereon for five years; has not been revived in the manner provided by the statute; and no suit upon the judgment has been brought within one year after the expiration of the five years, no suit can thereafter be maintained upon it. [Chapman v. Chapman, 48 Kan. 636; Mawhinney v. Doane, 40 Kan. 676, 681; Baker v. Hummer, 31 Kan. 325; Kothman v. Skaggs, 29 Kan. 5; Angell v. Martin, 24 Kan. 334; Gruble v. Wood, 27 Kan. 535; Burnes v. Simpson, 9 Kan. 658; State v. McArthur, 5 Kan. 280.]

In these circumstances, the judgment once dormant, becomes a dead judgment, incapable of supporting an action in that State or in this. [Dempsey v. Township of Oswego, 51 Fed. Rep. 97; St. Louis Type Foundry Co. v. Jackson, 128 Mo. 119.] The last case cited, was an action brought in this State on the twenty-fifth day of August, 1892, on a Kansas judgment rendered on the twelfth day of July, 1875, which had never been revived, or kept alive by the issuance of execution thereon; and came before this court in Division Two, at the April term, 1895. BURGESS, J., who delivered the opinion of the court, after setting out the aforesaid Kansas statute, and reviewing some of the leading Kansas cases, construing the same, said: "By the statute all remedy was taken away, which is never done without an intention to destroy the right (Moore v. Luce, 29 Pa. St. 262), and it would seem 'illogical to hold that the remedy may be destroyed and the legal right remain.' [McCracken Co. v. Trust Co., 84 Ky. 344.] From a legal standpoint the existence of one implies the existence of the other and it would seem impossible that one can exist without the other. In McMerty v. Morrison, 62 Mo. 140, it was said:

'The doctrine is firmly rooted, that the statute of limitations of the country in which suit is brought, may be pleaded to bar a recovery on a contract made out of its political jurisdiction, and that the statute of the place where the contract was made, can not be so pleaded. But where the statute of limitations where the contract is made operates to extinguish the contract or debt itself, the case no longer falls within the law in respect to the limitation of the remedy; and when such a contract is sued upon in another State, the *lex loci contractus,* and not the *lex fori,* is to govern.' The right being extinguished by the statute of limitations of Kansas, the case does not come within the law of limitations as to the remedy, and must be governed by the laws of that State, where the judgment was rendered. [Baker v. Stonebraker, 36 Mo. 339; McMerty v. Morrison, supra.]" And it was accordingly so held, all the judges of that Division concurring.

In that case, at the time suit was brought in Missouri on the Kansas judgment, the defendant had always been a resident of Kansas, and an action against him in that State was barred by its statute of limitations. No execution had ever been issued on the judgment and after the lapse of five years from its date it had become dormant. Thereafter, within one year, it had not been revived as it might have been and no suit had ever been brought on it; all remedy on it in that State had been destroyed, and the judgment was dead. But the case in hand is quite different—leaving out of view entirely the attempt at revival, which finally proved futile but not for any lack of vitality in the judgment.

When the suit was brought in Missouri, on the Kansas judgment, in this case, the defendants being within the exceptions of the Kansas statute of limitations, an action against them in that State was not barred by that statute, and although the judgment had become dormant by the failure to have execu-

tion issued for five years, yet the one year thereafter within which it could have either been revived, or action brought on it in that State, had not expired; either of these proceedings could have been maintained on it in that State; all remedy on it had not been destroyed by.its laws and the judgment was not dead, as in the Jackson case. Hence, the judgment in this case does not come within the principle of that case, or any of those upon which it is based, and is not taken out of the general rule by which our own statute of limitations is made applicable.

The judgment of the circuit court ought, therefore, to be affirmed, and it is so ordered. All concur.