HENRY B. GATES, Respondent, v. C. E. TEBBETTS, Appellant.

Kansas City Court of Appeals, June 8, 1903.

1. **Bills and Notes:** FORECLOSURE OF MORTGAGE: NEBRASKA STATUTE: RIGHT: REMEDY: PLEADING. Section 848 of the Nebraska code prohibits any action on the notes for the recovery of a debt after the foreclosure of the mortgage securing same, and the answer of the defendant is construed not to ask a Missouri court to administer him justice according to the forms and proceedings of the Nebraska code, but to give effect to said code in so far as it affects his rights under the contract which brought with it into this State the *lex loci contractus*.

2. ———: ———: SEPARATE CONTRACTS. Though the Missouri courts hold that the mortgage and notes are separate contracts, it is not seen how the question at issue could be affected by such distinction.

3. ———: CONFLICTING OF LAWS: USURY: ILLINOIS STATUTE. The statutes of the State of Illinois regulating usury can have no application to a contract admittedly governed by the laws of Nebraska.

Gates v. Tebbetts.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

REVERSED AND REMANDED.

*J. D. McCue* for appellant.

(1)   The effect of the Nebraska foreclosure suit upon the indebtedness secured by the mortgage foreclosed, must be determined by the law of Nebraska which entered into and became as much a part of the decree as if specially inserted therein. Smith v. Moore, 53 Mo. App. 531; Minor's Conf. of Laws, sec. 4; State v. Grant, 79 Mo. 122; State v. Gilmore, 141 Mo. 506. (2)   Whatever effect these proceedings would have under the laws of Nebraska on the indebtedness secured, the same effect must be given them in this State. Mills v. Duryea, 7 Cranch 481; Hamilton v. Connell, 3 Wheaton; Smith v. Moore, 53 Mo. App. 531; Destrehan v. Scudder, 11 Mo. 484; Barney v. White, 46 Mo. 137; Wernse v. McPike, 100 Mo. 476; Iron Works v. Riggin, 14 Mo. App. 321.   (3)   The decree in the foreclosure suit is a bar to an action on the original cause of action. Wernse v. McPike, supra; Iron Works v. Riggin, 14 Mo. App. 321.   (4)   The plaintiff, having elected to pursue his remedy in the courts of Nebraska is bound by the restrictions and conditions imposed by the laws of that State, as that State had the power to prescribe whatever restrictions and conditions its judgment or policy might dictate. Bronson v. Kinzie, 1st Howard (U. S.) 321; Minor's Conf. of Laws, sec. 4; Iron Works v. Riggin, 14 Mo. App. 321.   (5)   By the repeal of section 847 and the amendment of section 848 of the statute of Nebraska regulating proceedings in foreclosure by action, the legislature of that State took away from the plaintiff all remedy, legal or equitable, to recover or to enforce the payment of any balance of the debts secured by the mortgage, remaining unsatisfied after

the sale of the premises; this was done with the intent of destroying the right. Type Foundry v. Jackson, 128 Mo. 129, and cases cited therein; McMerty v. Morrison, 62 Mo. 140; Berkeley v. Tootle, 163 Mo. 595. (6) The effect of the foreclosure proceedings was to merge in the decree the indebtedness secured by the mortgage. This was the only decree that the court could enter in said action. It was, therefore, a final decree under the Nebraska statute, and has all the force and effect of final judgment in that State. Tourville v. Railroad, 148 Mo. 614; Winham v. Klein, 77 Mo. App. 36; Barker v. Berry, 70 Mo. App. 680; Cowgill v. Robberson, 75 Mo. App. 412.

*Karnes, New & Krauthoff* for respondent.

(1) In the recent case of Hawes v. Mulholland, 78 Mo. App. 493, 497, this court considered the effect of the execution of a note, and the giving of a mortgage to secure the payment of the note. It was contended that a "mortgage and note are parts of one entire and inseparable contract, and that plaintiff must sue and recover, if at all, on the two combined." "The mortgage was not introduced in evidence and the plaintiff claimed the right to treat the note as a contract complete and independent of the mortgage." This contention of the plaintiff in that case was answered by this court. Owings v. McKenzie, 133 Mo. 323; 20 Ency. of Law (2d Ed.) 985; Williamson v. Andrew, 4 Har. (Md.) 482; Shaw v. Burton, 5 Mo. 478; Horn v. Fisher, 2 Barb. Ch. (N. Y.) 559; Railroad v. Johnston, 54 Pa. St. 127; Liggett v. State Bank, 7 S. & R. 218; Shaver v. Bear River, etc., Co., 10 Cal. 396; Lander v. Amo, 65 Me. 26; Sherwood v. Dunbar, 6 Cal. 53; Longworth v. Flagg, 10 Ohio 300; Fleming v. Parry, 24 Pa. St. 47; Burwell v. Martin, 2 Dougl. 417; Very v. Watkins, 18 Ark. 546; Draper v. Mann, 117 Mass. 439; Ely v. Ely, 6 Gray 439; Goodrich v. White, 39 Mich. 489; Copperthwait v. Dummer,

18 N. J. L. 258; Hatfield v. Kennedy, 1 Bag. (S. Car.) 501; Watson v. Hawkins, 60 Mo. 550; Young v. Clifford, 61 Mo. App. 450. (2) The Nebraska statutes affect the remedy merely, not the obligations of the parties, and have no extra-territorial force or effect. Ruhe v. Buck, 124 Mo. 178; Minor's Conflict of Laws, sec. 180. (3) The usury laws of Illinois have nothing to do with this case. Land Co. v. Rhodes, 54 Mo. App. 129; 1 Rand. Com. Pap., sec. 44.

BROADDUS, J.—The plaintiff sued to recover on a certain principal note and coupons executed by defendant and his wife in the State of Nebraska on the 1st day of June, 1897, and made payable in the State of Illinois. The debt was secured by a mortgage on certain lands situated in the former State.

The defense is, that when said notes became due on the 16th day of July, 1900, the plaintiff instituted an action in chancery in the district court of Gage county, Nebraska, the county in which the lands described in said mortgage was situated, to foreclose said mortgage in the manner prescribed by the statutes of the State; that in said proceedings personal service was had upon defendant's wife, Ella F. Tebbetts, and service by publication upon this defendant. Thereafter, and on the 11th day of February, 1901, the said plaintiff, by the consideration of said court and upon an accounting had, it was found by said court that there was due the said plaintiff on the principal note and interest coupons thereto attached, the sum of $1,455.98, for which sum and costs judgment was entered in said cause, and it was further adjudged and decreed if the defendants failed for the period of 20 days thereafter to pay the plaintiff the said sum of money so adjudged to be due, together with interest thereon, that the equity of redemption of said defendants and each of them be foreclosed, and said mortgaged premises be sold, and an or-

der of sale be issued to the sheriff of Gage county, Nebraska, commanding him to sell the said real estate as upon execution and to bring into court the proceeds thereof to be by the court applied in satisfaction of said judgment.

Defendant further says, that thereafter an order of sale was issued to the sheriff of said county of Gage, in the State of Nebraska, pursuant to the judgment, decree and order of said court in said action, commanding him to sell said real estate as upon execution, and thereafter on the 16th day of December, 1901, the sheriff, pursuant to said command, did offer the real estate for sale, and did sell the same to the plaintiff therein, he being the highest bidder therefor; as will more fully appear by the copy of the record of proceedings in said cause attached to the original answer filed herein, and marked ''Exhibit A,'' and herein referred to as part of this answer, as fully and to the same extent as if pleaded herein. Defendant further says, that at the time of the execution of the said notes and mortgage, as well as at the time of the proceedings in said cause in the district court of Gage county, Nebraska, the following provisions of the statutes of Nebraska were in full force in said State, that is to say: The hereinafter quoted sections were part of the code of civil procedure of said State, to-wit:

''Section 845. All petitions for the foreclosure or satisfaction of mortgages shall be filed in the district court in chancery, where the mortgaged premises are situated.

''Section 846. Whenever a petition shall be filed for the foreclosure and satisfaction of a mortgage, the court shall have power to decree the sale of the mortgaged premises, or such part thereof as may be sufficient to discharge the amount due on the mortgage and cost of suit.

''Section 848. After such petition shall be filed, while the same is pending, and after a decree rendered

thereon, no proceedings whatever, shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof.''

Defendant further says, that prior to the execution of said note and mortgage, there had been a provision of the code of civil procedure of Nebraska, which provision was ''section 847'' thereof, which provided:

''When a petition shall be filed for the satisfaction of a mortgage, the court shall not only have the power to decree and compel the delivery of possession of the premises to the purchaser thereof, but, on the coming in of the report of sale, the court shall have power to decree and direct the payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied after a sale of the mortgaged premises, in cases in which such balance is recoverable at law; and for that purpose may issue the necessary execution as in other cases against other property of the mortgagor.''

Defendant says, that said last mentioned section of the code was repealed by an act of the legislature of the State of Nebraska, approved May 11, 1897, and was not in force at the time of the rendition and entering of the judgment in the case of Henry B. Gates against the defendant, Ella F. Tebbetts, and this defendant, in the district court of Gage county, Nebraska, as hereinbefore stated. And defendant further says, that by the provisions of said sections 845, 846 and 848, as hereinbefore set forth, and the proceedings in foreclosure had in pursuance thereof, as hereinbefore stated, the said debt became discharged and extinguished, and the said plaintiff forever barred from maintaining an action at law to recover upon the debt secured by the mortgage, as hereinbefore set forth. Defendant further says, that at the time of the commencement of said action to foreclose said mortgage in the district court of Gage county, Nebraska, in chancery, the plaintiff could have had an action under said statutes at law to recover upon the said notes, but having elected to proceed in chancery, he

became and was barred from any action at law on said note.

The plaintiff filed his motion for judgment on the pleading, which the court sustained, and judgment was accordingly rendered, from which defendant appealed.

The contention of defendant is, that the Nebraska statute was a part of the contract in suit, and as by its terms and provisions the plaintiff having elected to foreclose his mortgage in that State, he is barred from prosecuting an action on the notes for the residue unpaid, not only in the State where the contract was made, but also in any other jurisdiction.

In Bronson v. Kinzie, 1 How. (U. S.) 321, it was held: "A State law passed subsequently to the execution of a mortgage, which declares that the equitable estate of the mortgagor shall not be extinguished for twelve months after sale under a decree in chancery, and which prevents any sale unless two-thirds of the amount at which the property has been valued by appraisers shall be bid therefor, is within the clause of the tenth section of the first article of the Constitution of the United States, which prohibits a State from passing a law impairing the obligations of contracts." And the opinion further holds: "Whatever belongs merely to the remedy may be altered according to the will of the State, provided that the alteration does not impair the obligation of the contract. But if that effect is produced, it is immaterial whether it is done by acting on the remedy or directly on the contract itself."

In Ruhe v. Buck, 124 Mo. 178, it was held: "Where a non-resident creditor sues a married woman in this State he is entitled to such remedies only as the *lex fori* affords." In that case the plaintiff sought to attach the property of a married woman on a debt contracted in Dakota, where the law authorized attachment proceedings against married women. The court held that a married woman could not be sued by attachment in actions of law in Missouri; and that the decisions had been

uniform in that respect.  The court clearly defined its
position in the following language, viz.:  "Our courts
administer justice without distinction according to the
modes prescribed by the State, and those who seek them
must take such remedies as are prescribed."  And fur-
ther, the court said:  "The rule which recognizes the
binding force of the contract where made has never
gone to the extent of attaching to it the local remedies
and carrying them into another jurisdiction, but it is
left to each nation and State to enforce such contract
according to its own laws."  The question decided re-
ferred alone to the remedy, and that the contract
brought with it into this State the *lex loci contractus,* but
not the *lex fori.*

If the question in the case at bar was one alone of
remedy the foregoing authority would be conclusive.
The answer of defendant does not ask the court to ad-
minister him justice according to the forms and mode
of proceeding of the Nebraska code, but he asks the
court to give effect to said code in so far only as it af-
fects his rights under the contract.   In St. Louis Type
Foundry v. Jackson, 128 Mo. 119, the court gave effect
to a Kansas statute declaring that certain judgments
should become dormant if execution is not sued out
within five years from their rendition.   The holding
was, that by the Kansas statute, "all remedy was taken
away, which is never done without an intention to de-
stroy the right."   The substance of section 848 of the
Nebraska code is, that after a decree on the mortgage no
proceedings whatever shall be had at law for the recov-
ery of the debt secured, or any part thereof.   It is in-
sisted by appellant that the rule adopted in said last
named case applies to this, in that the remedy being
taken away the right itself is destroyed.  And we be-
lieve the rule does apply and governs the case at bar.

In Moore v. Lucas, 29 Pa. St. 260, where the effect
of the statute of limitations was in question, the court
said:  "It is a mistake to suppose that the person barred

by the statute of limitation loses nothing but his remedy." In McCracken County v. Mercantile Co., 84 Ky. 344, in speaking of an action barred by the statute of limitation, the court adopted the language of Blackstone that, "wherever there is a legal right, there is a legal remedy," and that, "the want of a right and the want of remedy are the same thing." The ruling in St. Louis Type Foundry v. Jackson, supra, was approved in Berkley v. Tootle, 163 Mo. 584, and the language of the opinion quoted and adopted.

The question naturally presents itself: Could a Nebraska court, in view of the statute pleaded as a bar to this action, after the rendition of said decree, in another action, render judgment on the notes in suit? Certainly not, if the statute itself was valid, which is not denied. This being conceded, it must also be conceded that there being no right of action in the *lex loci contractus* there could be none in the *lex fori*. Under the authorities, our conclusion is that the Nebraska statute was a part of the contract itself, and did not alone pertain to the remedy, and that remedy being denied the right is destroyed.

The respondent insists that under the rulings of the courts of this State, that the notes are separate contracts from that of the mortgage, and that therefore a decree foreclosing the mortgage could not affect plaintiff's right to maintain a separate action on them. Admitting such to have been the holding of the courts of Missouri, it does not necessarily follow that respondent's conclusion is sound. We can not see how the question could be affected thereby.

The defendant also pleads the statutes of the State of Illinois as a defense to a part of the interest included in said coupon notes, which he claims is usurious under said statute; but as it is admitted that the contract in suit is governed by the laws of Nebraska and not those of Illinois, that part of his answer may be conceded as if eliminated from his defense.

For the reason given the cause is reversed and re-manded. All concur.