THE CRESTON NATIONAL BANK, Respondent, v. ELLSWORTH W. SALMON, Appellant.

Kansas City Court of Appeals, April 2, 1906.

1. **BILLS AND NOTES:** Negotiability: Attorney's Fee: Iowa Statute. A provision in a note for attorney's fee renders it non-negotiable in this State. but an Iowa note with such provision, under the statute of that State, is negotiable.

2. ———: Bad Faith: Negligence: Evidence. The policy of the law is to encourage commercial affairs and facilitate business therein, and the indorsee of negotiable paper must have actual knowledge of its infirmity, and mere suspicion or negligence will not suffice to vitiate the paper in his hands; and where the issue of good faith is found for the holder under proper instructions, it must control.

3. ———: Conflict of Laws: Lex Fori: Lex Loci Contractus. As a rule all matters pertaining to the remedy merely are determined by the law of the forum, but whatever goes to the substance of the obligation and affects the rights of the parties is governed by the law of the place of the contract.

4. ———: ———: ———: ———: Iowa Statute. Under the Iowa statute the indorsee of a note, originating in fraud, can only recover from the maker the amount he paid therefor; and a note made in Iowa and to be paid in Iowa is. an Iowa contract, and the statute enters into and becomes a part thereof and affects the rights of the parties; and the indorsee of such a note takes it *cum onere.*

Appeal from Worth Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED *si.*

*Hudson, DuBois & Engle* for appellant.

(1) The facts should have been submitted to the jury as evidence of notice and the court erred in taking the question from the jury by plaintiff's instruction numbered 3. Whaley v. Neill, 44 Mo. App. 323; Hahn v. Bradley, 92 Mo. App. 399; Bank v. Hammond, 104 Mo. App. 409. To establish bad faith it was not necessary to bring home to plaintiff specific knowledge of the infirmities of the note. Insurance Co. v. Fillingham, 85 Mo. App. 542. Evidence sufficient to put a prudent man on inquiry, is admissible as tending to show actual knowledge of the indorsee of the fraud of DeWitt, and the facts and circumstances in this case should have been submitted to the jury. Brown v. Hoffelmeyer, 74 Mo. App. 385; Stewart v. Andes, 110 Mo. App. 243. (2) The note sued on in this case is conceded by both parties to be an Iowa contract. Section 3070 of the code of Iowa was properly pleaded and proved by defendant. The court erred in refusing defendant's instruction numbered 4 so limiting plaintiff's recovery. Richardson v. Monroe, 85 Iowa 359. (3) The Iowa statute entered into and formed a part of the contract between plaintiff and defendant, as much as if it had been included in the contract in express terms, and plaintiff's recovery is limited by said law to the amount actually paid for the note. Plaintiff cannot recover more in Missouri than in Iowa. Gates v. Tebbetts, 100 Mo. App. 590; Foundry Co. v. Jackson, 128 Mo. 120. (4) Where the statute operates to extinguish the contract or debt itself, the case no longer falls within the law in respect to the remedy, and when such a contract is sued upon in another State, the *lex loci contractus,* and not the *lex fori* is to govern.

Under the express terms of the Iowa statute pleaded and proved by defendant, plaintiff could not in any event have recovered more in the state of Iowa than it actually paid for the note sued on. Berkley v. Tootle, 163 Mo. 596; Baker v. Stonebraker's Admrs., 36 Mo. 338.

*L. M. Phipps* and *Kelso & Kelso* for respondent.

(1) The court committed no error in giving instruction numbered 2 of its own motion. It and the other instructions given in the case was a clear and concise statement of the law as applied to the facts in this case. Besides appellant's counsel only claim it was technically wrong. Now if such was true, which we say was not, it would not be reversible error. Our appellate courts all hold that there must have been a substantial and prejudicial error to authorize the court in reversing a judgment of the trial court. Field v. Railway, 80 Mo. App. 606; Jerowitz v. Kansas City, 104 Mo. App. 204; Breckenridge v. Ins. Co., 87 Mo. 73; Lee v. Dunlap, 55 Mo. 454. (2) It is never reversible error to refuse an instruction when the same questions are embraced in and properly presented in other instructions given, as was done in this case. Cameron v. Tool Co., 108 Mo. App. 271; Impkamp v. Transit Co., 108 Mo. App. 655; Fruit Co. v. Lane, 101 Mo. App. 724; Hutchins v. Railway, 97 Mo. App. 555. (3) The counsel for appellant seems to misconceive the scope of plaintiff's instruction numbered 3. They seem to regard it as a peremptory instruction to find for the plaintiff, and to withdraw from the jury all of the facts and circumstances relating to the transaction. The instruction clearly shows that the only question referred to by it was as to the knowledge of Harsh of the representations made by DeWitt. We also call the attention of the court to the fact that instructions numbered 1, 2 and 3, given by the court of its own motion, and especially numbered 3, clearly submitted all those questions to the jury. (4) Judgment will not be

reversed because an instruction assumes the existence of facts which are practically uncontradicted. Sheridan v. Forsee, 106 Mo. App. 499. (5) Since the decision of the Supreme Court in the case of Hamilton v. Marks, 63 Mo. 167, it has been considered the settled law in this State that the consideration of a negotiable paper in the hands of a bona fide holder for value before maturity cannot be inquired into. Gross negligence even is not sufficient; actual notice of the facts which impeach the validity of the note must be brought home to the holder. Johnson v. McMurry, 72 Mo. 278; Hayes v. Robinson, 93 Mo. 114; Jennings v. Todd, 48 Mo. 296; Investment Co. v. Vette, 142 Mo. 568; Kuch v. Cornett, 79 Mo. App. 577. (6). The court did not err in refusing to give defendant's instructions numbered 2 and 3. All of the questions embraced or included in said refused instructions are given in other instructions, to-wit: Instructions numbered 1, 2 and 3, given by the court of its own motion. Hutchins v. Railway, 97 Mo. App. 555; Fruit Co. v. Lane, 101 Mo. App. 724; Cameron v. Tool Co., 108 Mo. App. 271; Impkamp v. Transit Co., 108 Mo. App. 655. (7) Appellant contends that the trial court erred in refusing to give his instruction numbered 4. This contention is bottomed on the theory that because the note sued on is an Iowa contract and must be defined, interpreted and construed by the laws of that State; that the remedy or mode of enforcement of the note must also be governed by the laws of Iowa. This contention is not the law in this state. Scudder v. Bank, 91 U. S. 406; Story on Conflict of Laws, (8 Ed.), section 556; Williams v. Haines, 27 Iowa 251. The same doctrine has been announced in our state. Clo. Co. v. Sharp, 83 Mo. App. 391; Ruhe v. Buck, 124 Mo. 178.

ELLISON, J.—This was an action on a promissory note given by defendant to E. N. Dewitt and by him assigned in writing on the back thereof to the plaintiff. The judgment in the trial court was for the plaintiff.

The note provided for an attorney's fee, which in this State would destroy its negotiability. But it was executed in Iowa, where by statute such notes are negotiable. This statute is pleaded by plaintiff and the defendant admits the note to be negotiable. An attorney's fee was not asked to be allowed in the judgment.

The note is for $200, due two years after date, and was given in part payment for a stallion purchased by defendant of Dewitt. The defendant set up in his answer that the note was procured from him by false and fradulent representations made by Dewitt as to the horse being "a full-blooded, pedigreed" animal and as to his breeding qualities, etc. He also pleaded a statute of Iowa, reading as follows: "The want or failure in whole or in part of the consideration of a written contract may be shown as a defense, total or partial, except to negotiable paper, transferred in good faith, and for a valuable consideration before maturity; but if such paper has been procured by fraud upon the maker, no holder thereof shall recover thereon of the maker a greater sum than he paid therefor with interest and costs."

The trial court of its own motion gave some instructions wherein the entire defense was submitted to the jury. Instructions were offered by defendant and refused. Many of the propositions therein asserted are correct statements of the law, but as, in our opinion, everything to which defendant was entitled had been incorporated in the other instructions it was not error to refuse them. Taking the admission of the parties, with the undisputed face of the record, there was very little of affirmative facts upon which to base hypotheses for the jury. The execution of the note and that it is negotiable was conceded; and that it was purchased by plaintiff before due for a valuable consideration is shown without any semblance of substantial dispute. But defendant does insist that plaintiff had notice of the fraudulent inception of the note and therefore that it should not be taken as an innocent purchaser. The instructions

given plainly submit that issue of fact to the jury. The policy of the law is to encourge commercial affairs and to facilitate the transaction of that class of business. To that end, it protects endorsees of negotiable paper unless they have actual knowledge of its infirmity. Neither suspicion nor negligence in its purchase, will destroy the purchaser's title. There must be actual knowledge on his part. [Hamilton v. Marks, 63 Mo. 167; Mayes v. Robinson, 93 Mo. 114; Borgess Investment Co. v. Vette, 142 Mo. 560, 573.] In such state of the law, it is at least questionable, if the court did not go too far in submitting defendant's theory of plaintiff's knowledge of the fraud charged. Certainly there is nothing in the record showing that plaintiff had knowledge of any representations made by Dewitt to defendant before the time when he purchased the note. So we conclude that, under the law and the state of the evidence, defendant is without any ground of complaint except for the following reason.

II. As already stated, it appears by the pleading that there is a statute in Iowa providing that if a negotiable note is procured of the maker by fraud, and is afterwards endorsed before maturity for value, to an innocent purchaser, yet such purchaser can only recover the sum he paid for the note. The rule is, that all matters pertaining to the remedy merely are determinable by the law of the *forum*. And plaintiff's position is that defendant's claim to be allowed the defense given by the Iowa statute is a matter to be classed with the remedy, and therefore under the control of our law, uninfluenced by that statute. We do not think so. Whatever contract defendant made in the State of Iowa must abide without change until discharged. No law can alter his right to discharge the contract as made. The note was not only made in Iowa, but was to be paid there. The laws of Iowa entered into and became a part of the contract evidenced by the note. "The law of a State or county where a contract is executed and is to be performed en-

ters into and becomes a part of the contract, in the sense that its validity and obligatory effect are to be determined and controlled by that law; and when valid there, the contract will be sustained everywhere, and accorded the interpretation required by the law of the place where made." [Heaton v. Eldridge, 56 Ohio St. 87.] The obligation of the maker of a negotiable note, generally, is to pay to an innocent endorsee for value, before due, the full amount of the note. But in Iowa that obligation is limited in cases of fraud to the payment of a sum not in excess of what the endorsee paid for the note. Therefore, in cases where the note has been procured of the maker by fraud, his contract in that State, is to pay an innocent indorsee the amount such endorsee paid and no more. The contract evidenced by the note in question limited the amount due the plaintiff, as endorsee. It was a matter of substantive right existing in the defendant and cannot be taken from him in a foreign *forum* under the guise of administering a remedy. "The principle is, that whatever relates merely to the remedy and constitutes a part of the procedure is determined by the law of the forum, for matters of process must be uniform in the courts of the same country; but whatever goes to the substance of the obligation and affects the rights of the parties, as growing out of the contract itself, or inhering in it or attaching to it, is governed by the law of the contract. . . . So, if by the law of the place of a contract equitable defenses are allowed in favor of the maker of a negotiable note, any subsequent indorsement will not change his rights in regard to the holder. The latter must take it *cum onere.*" [Pritchard v. Norton, 106 U. S. 124, 129, 133; Story on Conflict of Laws, sec. 332.]

The case of Williams v. Haines, 27 Iowa 251, was perhaps relied upon in the trial court in support of the plaintiff's view. That was an action on a note, under seal, executed in Maryland and as a sealed instrument, under the laws of that State, a consideration was conclu-

sively presumed. While by the laws of Iowa, a want of consideration for the execution of such an instrument could be shown. It was held that the question was one of remedy and that the law of Iowa controlled. But the case seems out of line with authority and is specially disapproved in Pritchard v. Norton. If there is any reason for stating that a question of consideration, closed at the place of contract, was open at the forum, it could not well apply to the case in hand; for here, a refusal to apply the law of the place where the contract was made and to be performed, absolutely changes and enlarges the obligation.

The foregoing view is fully supported by a full discussion of the subject to be found in Wharton's Conflict of Laws. And matters aptly illustrative of the question have been adjudicated in the Supreme Court of this State in cases called to our attention by defendant's counsel. That is to say, where the statute where the contract is made and to be performed operates to extinguish the contract or debt itself, the case no longer falls within the law in respect to the remedy, and when such a contract is sued upon in another State, the *lex loci contractus*, and not the *lex fori*, is to govern. [St. Louis Foundry v. Jackson, 128 Mo. 119; Berkley v. Tootle, 163 Mo. 584; Baker v. Stonebraker, 36 Mo. 338.] The case of Gates v. Tebbetts, 100 Mo. App. 590, decided by this court, is unlike the case at bar and therefore not applicable.

It follows that the judgment should be reversed and the cause remanded. But if the plaintiff will remit the excess of his recovery over the amount he paid for the note (which appeared in evidence) within fifteen days the judgment will be affirmed; the costs of the appeal to be taxed against it. All concur.